# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
04/04/2023
CT Log Number 543564814

## Service of Process Transmittal Summary

**TO:**   Viraj Telang
LYFT, INC.
185 BERRY ST STE 400
SAN FRANCISCO, CA 94107-1725

**RE:**   **Process Served in Connecticut**

**FOR:**   Lyft Drives Connecticut, Inc  (Assumed Name)  (Domestic State: DE)
Lyft, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JANE DOE PPA JOAN DOE, ET AL. // To: Lyft, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Statement, Application, Order(s), Memorandum(s), Notice, Motion(s), Appearance |
| **COURT/AGENCY:** | Hartford Superior Court, CT<br>Case # CV235077334 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 01/03/2022 |
| **PROCESS SERVED ON:** | C T Corporation System, East Hartford, CT |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/04/2023 at 11:25 |
| **JURISDICTION SERVED:** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 05/02/2023 |
| **ATTORNEY(S)/SENDER(S):** | Garrett M. Moore, Sr.<br>Jane Doe PPA Joan Doe, Joan Doe and John Doe<br>891 Straits Turnpike<br>Middlebury, CT 06762<br>203-272-5881 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/05/2023, Expected Purge Date: 04/10/2023 |
| | Image SOP |
| | Email Notification,  Adrienne Young  adrienneyoung@lyft.com |
| | Email Notification,  John Pellegrini  jpellegrini@lyft.com |
| | Email Notification,  Sam Gall  sgall@lyft.com |
| | Email Notification,  Arielle Stephenson  astephenson@lyft.com |
| | Email Notification,  Viraj Telang  virajt@lyft.com |
| | Email Notification,  Adam Jacobs  ajacobs@lyft.com |
| | Email Notification,  Christopher Youngblood  cyoungblood@lyft.com |
| | Email Notification,  Eboni James  ebonijames@lyft.com |

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
04/04/2023
CT Log Number 543564814

**REGISTERED AGENT CONTACT:**    C T Corporation System
67 Burnside Ave
East Hartford, CT 06108
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Tue, Apr 4, 2023
**Server Name:**                   Drop Service

| Entity Served | LYFT DRIVES CONNECTICUT, INC |
|---|---|
| Case Number | |
| Jurisdiction | CT |

| Inserts | | |
|---|---|---|
| | | |



**SUMMONS - CIVIL**
JD-CV-1  Rev. 11-19
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* | State of Connecticut **STATE OF CONNECTICUT**<br>**SUPERIOR COURT**<br>*www.jud.ct.gov* |
|---|---|

Post Date: 03/15/2023
Payfile: 2308640-1

CU23S0273349
Receipt Nbr: 0402642

Instructions are on page 2.

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is **LESS** than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is **$2,500 or MORE.**

☐ Select if claiming other relief in addition to, or in place of, money or damages.

List Total: 001  $360.00

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 WASHINGTON STREET, HARTFORD, CT 06106 | ( 860 ) 548 – 2700 | 05/02/2023 |

| ☒ Judicial District | G.A. | At (City/Town) | Case type code (See list on page 2) | |
|---|---|---|---|---|
| ☐ Housing Session | ☐ Number: | **HARTFORD** | Major: T | Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Garrett M. Moore, Sr., Moore, O'Brien & Foti, 891 Straits Turnpike, Middlebury, CT 06762 | 308035 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 203 ) 272 – 5881 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed)<br>GMOORE@MOJYLAW.COM |
|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name: **DOE, JANE PPA JOAN DOE**<br>Address: **891 STRAITS TURNPIKE, MIDDLEBURY, CT 06762** | P-01 |
| **Additional plaintiff** | Name: **DOE, JOAN**<br>Address: **891 STRAITS TURNPIKE, MIDDLEBURY, CT 06762** | P-02 |
| **First defendant** | Name: **LYFT DRIVES CONNECTICUT, INC.  1185 BERRY STREET, STE. 400, SAN FRANCISCO, CA 94107**<br>Address: **Agent for Service: C T Corporation System, 67 Burnside Avenue, East Hartford, CT 06108** | D-01 |
| **Additional defendant** | Name: **HARVEY, CHRISTOPHER**<br>Address: **238 W 5TH STREET, APT. 2, NEW YORK, NY 10019** | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 3 | Total number of defendants: 2 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.

2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.

3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.

4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.

5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | Name of person signing |
|---|---|---|
| 03/23/2023 | ☒ Commissioner of Superior Court<br>☐ Clerk | GARRETT M. MOORE, SR. |

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date<br>Attest A True Copy<br>John A. Lepito Jr<br>State Marshal Hartford County |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number<br>HHD CV 23-5077334 |
|---|---|---|---|

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2    Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*
**DOE, JANE PPA JOAN DOE**

First named Defendant *(Last, First, Middle Initial)*
**LYFT DRIVES CONNECTICUT, INC.**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| **DOE, JOHN** | **891 STRAITS TURNPIKE, MIDDLEBURY, CT 06762** | 03 |
|  |  | 04 |
|  |  | 05 |
|  |  | 06 |
|  |  | 07 |
|  |  | 08 |
|  |  | 09 |
|  |  | 10 |
|  |  | 11 |
|  |  | 12 |
|  |  | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
|  |  | 05 |
|  |  | 06 |
|  |  | 07 |
|  |  | 08 |
|  |  | 09 |
|  |  | 10 |
|  |  | 11 |
|  | 12 | *FOR COURT USE ONLY - File Date* |
|  | 13 |  |
|  | 14 | Docket number |

CV23.5077334

**CIVIL SUMMONS-Continuation**

*CV 23 · 5077334*

RETURN DATE: May 2, 2023         :      SUPERIOR COURT

JANE DOE PPA JOAN DOE, ET AL.    :      J. D. OF HARTFORD

V.                                  :      AT HARTFORD

LYFT DRIVES CONNECTICUT, INC.    :      MARCH 23, 2023

## COMPLAINT

**FIRST COUNT:**      (JANE DOE PPA JOAN DOE v. LYFT DRIVES
                           CONNECTICUT, INC.)- Negligent Supervision/Training)

1.     The minor plaintiff, **JANE DOE**, brings this action by and through her mother and next friend, JOAN DOE.

2.     At all times mentioned herein, the defendant, **LYFT DRIVES CONNECTICUT, INC.,** was and is a company transacting business in the State of Connecticut.

3.     At all times mentioned herein, the defendant, **LYFT DRIVES CONNECTICUT, INC.**, its agents, servants and/or employees engaged in the business of ridesharing.

4.     On or about January 3, 2022, an agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, picked up the minor plaintiff, **JANE DOE.**

5.      The minor plaintiff, **JANE DOE**, was picked up by the defendant, **LYFT DRIVES CONNECTICUT, INC.'s**, agent, servant and/or employee on a street corner away from her home.

6.      The minor plaintiff, **JANE DOE**, was wearing pajama pants, a hoodie, and had a bookbag with her.

7.      The minor plaintiff, **JANE DOE**, entered in the agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.'s**, vehicle.

8.      An agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, transported the minor plaintiff, **JANE DOE**, across state lines into New York.

9.      An agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, delivered the minor plaintiff, **JANE DOE**, to CHRISTOPHER HARVEY.

10.     CHRISTOPHER HARVEY did not have permission or authority to be with the minor plaintiff, **JANE DOE**.

11.     The agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, was operating within the scope of his employment and/or agency.

12.     The agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, was operating under its supervision, control, and/or direction.

2

13.     The defendant, **LYFT DRIVES CONNECTICUT, INC.,** its agents, servants and/or employees, had a duty to supervise, train, and/or monitor their agent, servant and/or employee while he was working on their behalf.

14.     On or about January 3, 2022 through January 5, 2022, CHRISTOPHER HARVEY, made sexual and physical contact with the minor plaintiff, **JANE DOE.**

15.     The negligent sexual and/or physical touching of the minor plaintiff, **JANE DOE,** and her injuries resulting therefrom were caused by the negligence and carelessness of the defendant, **LYFT DRIVES CONNECTICUT, INC.,** its agents, servants and/or employees, in that it:

    a.  had a duty to confirm its agent, servant and/or employee was following any rule, protocol, and/or procedure about providing ridesharing to minors;

    b.  had a duty to properly supervise and/or train its agent, servant and/or employee regarding any rule, protocol, and/or procedure about providing ridesharing to minors;

    c.  had a duty to monitor whether or not its agent, servant and/or employee was following established protocols, rules, and/or procedures;

    d.  had a duty to supervise its drivers, yet failed to do so when it knew or should have known that failing to do so posed a foreseeable risk of harm to others, such as the minor plaintiff, **JANE DOE;**

3

e.  failed to properly supervise and/or train its agent, servant and/or employee, while he was working, even though it knew or should have known that its failure to supervise could cause injury to others, including the minor plaintiff, **JANE DOE**;

f.  had a duty to train and/or adequately train its agent, servant, and/or employee, yet failed to do so when it knew or should have known that such failure posed a foreseeable risk of harm to others, such as the minor plaintiff, **JANE DOE**;

g.  knew or should have known that failing to train and/or supervise its agent, servant, and/or employee would pose a foreseeable risk of harm to others, such as the plaintiff, minor **JANE DOE**, when his responsibilities as an agent, servant, and/or employee included interacting with the public, customers, and/or potential customers;

h.  knew or should have known that that its driver/s were not following the protocol/rule of disallowing minors to engage in the rideshare without an adult;

i.  failed to have adequate personnel to properly observe, monitor, and/or control the actions of its agents, servants and/or employees;

j.  failed to monitor the actions of its agents, servants and/or employees while they were providing services to patrons;

k.  failed to implement procedures and/or policies to protect people such as the minor plaintiff, **JANE DOE**; and/or

4

l.   caused, allowed and/or permitted an insufficient supervision of its driver when it knew or should have known that he had a propensity to behave in a dangerous and/or inappropriate manner by allowing minors to engage in ridesharing where he picked a minor up, transported her across state lines and left her with an unauthorized adult male.

16.   As a result of the failure of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, its agents, servants and/or employees, to properly supervise, train, and/or monitor their agent, servant and/or employee, the minor plaintiff, **JANE DOE**, suffered the injuries, losses and damages as hereinafter set forth, some or all of which may be permanent in nature:

a.   Vaginal pain;

b.   Mouth; and

c.   Pain and suffering, both mental and physical.

17.   As a result of the negligence of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, the minor plaintiff, **JANE DOE**, was unable and remains unable to participate in and enjoy her usual activities.

**SECOND COUNT:**  (JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)

1-17.   Paragraphs 1 through 17 of the First Count are hereby incorporated and made corresponding paragraphs of this Second Count as if fully set forth herein.

5

18.     All times mentioned herein, the plaintiff, **JOAN DOE,** was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to his daughter's recovery, and may be forced to expend additional sums in the future.

**THIRD COUNT:**     (JANE DOE PPA JOAN DOE v. LYFT DRIVES CONNECTICUT, INC. - Negligent Infliction of Emotional Distress)

1-17.   Paragraphs 1 through 17 of the First Count are hereby incorporated and made corresponding paragraphs of this Third Count as if fully set forth herein.

18.     The defendant, **LYFT DRIVES CONNECTICUT, INC.,** through its actions and/or the actions of its agents, servants or employees above knew or should have known that its actions would create an unreasonable risk of causing emotional harm or distress, or other bodily injury, to the minor plaintiff, **JANE DOE.**

19.     The defendant, **LYFT DRIVES CONNECTICUT, INC.,** by its failure to properly train, supervise, and/or monitor knew or should have known that its actions would create an unreasonable risk of causing emotional harm or distress, or other bodily injury to the minor plaintiff, **JANE DOE.**

6

**FOURTH COUNT:**  (JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)

1-19.   Paragraphs 1 through 19 of the Third Count are hereby incorporated and made corresponding paragraphs of this Fourth Count as if fully set forth herein.

20.   All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to his daughter's recovery, and may be forced to expend additional sums in the future.

**FIFTH COUNT:**       (JANE DOE PPA JOAN DOE v. LYFT DRIVES
                           CONNECTICUT, INC. - Negligent Hiring/Retention)

1.   The minor plaintiff, **JANE DOE**, brings this action by and through her mother and next friend, JOAN DOE.

2.   At all times mentioned herein, the defendant **LYFT DRIVES CONNECTICUT, INC.,** was and is a company transacting business in the State of Connecticut.

3.   At all times mentioned herein, the defendant, **LYFT DRIVES CONNECTICUT, INC.,** its agents, servants and/or employees engaged in the business of ridesharing.

7

4.      On or about January 3, 2022, an agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, picked up the minor plaintiff, **JANE DOE**.

5.      The minor plaintiff, **JANE DOE**, was picked up by the defendant, **LYFT DRIVES CONNECTICUT, INC.'s**, agent, servant and/or employee on a street corner away from her home.

6.      The minor plaintiff, **JANE DOE**, was wearing pajama pants, a hoodie, and had a bookbag with her.

7.      The minor plaintiff, **JANE DOE**, entered in the agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.'s**, vehicle.

8.      An agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, transported the minor plaintiff, **JANE DOE**, across state lines into New York.

9.      An agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, delivered the minor plaintiff, **JANE DOE**, to CHRISTOPHER HARVEY.

10.     CHRISTOPHER HARVEY did not have permission or authority to be with the minor plaintiff, **JANE DOE**.

8

11.     The agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, was operating within the scope of his employment and/or agency

12.     The agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, was operating under its supervision, control, and/or direction.

13.     The defendant, **LYFT DRIVES CONNECTICUT, INC.**, its agents, servants and/or employees, had a duty to supervise, train, and/or monitor their agent, servant and/or employee while he was working on their behalf.

14.     On or about January 3, 2022 through January 5, 2022, CHRISTOPHER HARVEY, made sexual and physical contact with the minor plaintiff, **JANE DOE**.

15.     The negligent sexual and/or physical touching of the minor plaintiff, **JANE DOE**, and her injuries resulting therefrom were caused by the negligence and carelessness of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, its agents, servants and/or employees, in that they:

    a. Knew or should have known that the driver had a tendency to not follow rules, protocols, and/or procedures about providing ridesharing to minors;

    b. knew or should have known that the driver behaved in a negligent manner around the public, customers, and/or potential customers, yet failed to take actions to address this behavior;

9

    c.  knew or should have known that the driver was unfit to work as a rideshare driver, yet failed to address this; and/or

    d.  knew or should have known of the background of the driver and yet hired him when they knew or should have known that hiring him risked the health and safety of the public, customers, and/or potential customers, including the minor plaintiff, **JANE DOE**.

16.    As a result of the carelessness and negligence of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, its agents, servants and/or employees, the minor plaintiff, **JANE DOE,** suffered the injuries, losses and damages as hereinafter set forth, some or all of which may be permanent in nature:

    a.  Vaginal pain;

    b.  Mouth pain; and

    c.  Pain and suffering, both mental and physical.

17.    As a result of the negligence of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, the minor plaintiff, **JANE DOE**, has been and will be in the future prevented from enjoying and participating in the normal activities that she enjoyed prior to the incident.

10

<u>SIXTH COUNT:</u>     (JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)

1-17.   Paragraphs 1 through 13 of the Fifth Count are hereby incorporated and made corresponding paragraphs of this Sixth Count as if fully set forth herein.

18.     All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to her daughter's recovery, and may be forced to expend additional sums in the future.

<u>SEVENTH COUNT:</u>
**(JANE DOE PPA JOAN DOE v. LYFT DRIVES CONNECTICUT, INC. –**
**Negligent Infliction of Emotional Distress)**

1-17.   Paragraphs 1 through 17 of the Fifth Count are hereby incorporated and made corresponding paragraphs of this Seventh Count as if fully set forth herein.

18.     The defendant, **LYFT DRIVES CONNECTICUT, INC.,** through its actions and/or the actions of its agents, servants or employees above knew or should have known that its actions would create an unreasonable risk of causing emotional harm or distress, or other bodily injury, to the minor plaintiff, **JANE DOE**.

19.     The defendant, **LYFT DRIVES CONNECTICUT, INC.,** by its hiring and/or retention of its driver, knew or should have known that his actions would create an unreasonable risk of causing emotional harm or distress, or other bodily injury, to the minor plaintiff, **JANE DOE**.

11

**EIGHTH COUNT:**   (JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)

1-19.   Paragraphs 1 through 19 of the Seventh Count are hereby incorporated and made corresponding paragraphs of this Eighth Count as if fully set forth herein.

20.   All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to her daughter's recovery, and may be forced to expend additional sums in the future.

**NINTH COUNT:**   (JOAN DOE V. LYFT DRIVES CONNECTICUT, INC.)
                   **(Filial Consortium)**

1-17.   Paragraphs 1 through 17 of the First Count are hereby incorporated and made corresponding paragraphs of this Ninth Count as if fully set forth herein.

18.   At all relevant times, the plaintiff, **JOAN DOE**, was the lawful mother of the minor plaintiff, **JANE DOE**.

19.   As a result of the conduct of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, the plaintiff, **JOAN DOE**, has suffered a loss of affection, companionship, society and consortium of **JANE DOE**.

12

**TENTH COUNT:**     (JOHN DOE V. LYFT DRIVES CONNECTICUT, INC.)
                        (Filial Consortium)

1-17.    Paragraphs 1 through 17 of the First Count are hereby incorporated and made corresponding paragraphs of this Tenth Count as if fully set forth herein.

18.     At all relevant times, the plaintiff, **JOHN DOE**, was the lawful father of the minor plaintiff, **JANE DOE**.

19.     As a result of the conduct of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, the plaintiff, **JOHN DOE,** has suffered a loss of affection, companionship, society and consortium of **JANE DOE**

**ELEVENTH COUNT:**
**(JANE DOE PPA JOHN DOE v. CHRISTOPHER HARVEY – Negligence)**

1.     The minor plaintiff, **JANE DOE**, brings this action by and through her mother and next friend, JOAN DOE.

2.     On or about January 3, 2022 through January 5, 2022, the minor plaintiff, **JANE DOE**, was at the defendant, **CHRISTOPHER HARVEY's**, residence unlawfully.

3.     On or about January 3, 2022 through January 5, 2022, **CHRISTOPHER HARVEY**, made unwanted and/or unwarranted sexual and physical contact with the minor plaintiff, **JANE DOE**.

13

4.      The negligent sexual and/or physical touching of the minor plaintiff, **JANE DOE**, and her injuries resulting therefrom were caused by the defendant, **CHRISTOPHER HARVEY**, in that:

a.      He made unwelcome physical and/or sexual advances toward the minor plaintiff, **JANE DOE**;

b.      He made unwelcome physical and/or sexual contact with the minor plaintiff, **JANE DOE**;

c.      He placed his genitals in the minor plaintiff, **JANE DOE**'s mouth; and/or

d.      He placed his genitals in the minor plaintiff, **JANE DOE**'s vagina and/or vaginal area.

5.      As a result of negligence of the defendant, **CHRISTOPHER HARVEY**, the minor plaintiff, **JANE DOE,** suffered the following injuries, some or all of which may be permanent in nature:

a.      Vaginal pain;

b.      Mouth pain; and

c.      Pain and suffering, both mental and physical.

6.      As a result of the negligence of the defendant, **CHRISTOPHER HARVEY**, the minor plaintiff, **JANE DOE**, was unable and remains unable to participate in and enjoy her usual activities.

14

**TWELFTH COUNT:**         (JOAN DOE v. CHRISTOPHER HARVEY)

    1-6.    Paragraphs 1 through 6 of the Eleventh Count are hereby incorporated and made corresponding paragraphs of this Twelfth Count as if fully set forth herein.

    7.    All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to her daughter's recovery, and may be forced to expend additional sums in the future.

**THIRTEENTH COUNT:**
**(JANE DOE PPA JOAN DOE v. CHRISTOPHER HARVEY)**
**(Negligent Infliction of Emotional Distress)**

    1-6.    Paragraphs 1 through 6 of the Eleventh Count are hereby incorporated and made corresponding paragraphs of this Thirteenth Count as if fully set forth herein.

    7.    The defendant, **CHRISTOPHER HARVEY**, knew or should have known that his actions would create an unreasonable risk of causing emotional harm or distress, or other bodily injury, to the minor plaintiff, **JANE DOE**.

15

**FOURTEENTH COUNT:**   **(JOAN DOE V. CHRISTOPHER HARVEY)**
                        **(Filial Consortium)**

1-6.     Paragraphs 1 through 6 of the Eleventh Count are hereby incorporated and made corresponding paragraphs of this Fourteenth Count as if fully set forth herein.

7.     At all relevant times, the plaintiff, **JOAN DOE**, was the lawful mother of the minor plaintiff, **JANE DOE**.

8.     As a result of the conduct of the defendant, **CHRISTOPHER HARVEY**, the plaintiff, **JOAN DOE**, has suffered a loss of affection, companionship, society and consortium of **JANE DOE**.


**FIFTEENTH COUNT:**     **(JOHN DOE V. CHRISTOPHER HARVEY)**
                        **(Filial Consortium)**

1-6.     Paragraphs 1 through 6 of the Eleventh Count are hereby incorporated and made corresponding paragraphs of this Fifteenth Count as if fully set forth herein.

7.     At all relevant times, the plaintiff, **JOHN DOE**, was the lawful father of the minor plaintiff, **JANE DOE**.

8.     As a result of the conduct of the defendant, **CHRISTOPHER HARVEY**, the plaintiff, **JOHN DOE**, has suffered a loss of affection, companionship, society and consortium of **JANE DOE**

16

WHEREFORE, the plaintiffs claim money damages.

THE PLAINTIFFS,
JANE DOE PPA JOAN DOE, JOAN DOE AND
JOHN DOE

By _____

Garrett M. Moore, Sr., Esq.
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762
Phone: (203) 272-5881
Juris No.: 408519
Their Attorneys



17

RETURN DATE: May 2, 2023        :      **SUPERIOR COURT**

**JANE DOE PPA JOAN DOE, ET AL.**     :      **J. D. OF HARTFORD**

**V.**                   :      **AT HARTFORD**

**LYFT DRIVES CONNECTICUT, INC.**    :      **MARCH 23, 2023**

## STATEMENT OF AMOUNT IN DEMAND

The amount of money damages claimed is greater than Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

THE PLAINTIFFS,
JANE DOE, PPA JOAN DOE, JOAN DOE and
JOHN DOE

By _____

Garrett M. Moore, Sr., Esq.
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762
Phone: (203) 272-5881
Juris No.: 408519
Their Attorneys

Attest A True Copy
John A. Lepito Jr
State Marshal Hartford County

18

*Cv 23.5077334*

| RETURN DATE: May 2, 2023 | : | SUPERIOR COURT |
|---|---|---|
| JANE DOE PPA JOAN DOE, ET AL. | : | J. D. OF HARTFORD |
| V. | : | AT HARTFORD |
| LYFT DRIVES CONNECTICUT, INC. | : | MARCH 23, 2023 |

### TEMPORARY EX PARTE APPLICATION
### FOR THE USE OF A PSEUDONYM

Pursuant to Connecticut Practice Book §11-20A(h)(1), (2), and (3), Jane Doe, Joan Doe and John Doe, the plaintiffs in the above-captioned matter, hereby requests leave to proceed with the above-captioned matter under a fictitious name and represents:

1.  That proceeding with this litigation under pseudonym is necessary to preserve an interest which overrides the public's interest in knowing the name of the plaintiffs.

2.  That the special and sensitive circumstances of this case justify the use of a pseudonym, as the disclosure of the plaintiffs' identities could reasonably lead to the plaintiffs being harassed, injured, ridiculed and embarrassed, given the allegations in the plaintiffs' complaint.

3.  The undersigned attaches a Memorandum of Law, Writ, Summons and Complaint in support of the instant Application.

4.  The allegations as contained in the Complaint involve an alleged voyeurism committed by the defendant.

Page 1 of 4

*101*

5.      The undersigned references such plaintiffs only by a description and not by name to preserve that plaintiffs' privacy in a manner consistent with the plaintiffs' request.

6.      The pseudonym is necessary and no lesser alternative will suffice.

WHEREFORE, the plaintiffs hereby move for an ex parte order permitting them to file the Complaint and prosecute such action, including all references to their names therein, pseudonymously.

THE PLAINTIFFS,
JANE DOE PPA JOAN DOE, JOAN DOE AND
JOHN DOE


By_____
       Garrett M. Moore, Sr., Esq.
       Moore, O'Brien & Foti
       891 Straits Turnpike
       Middlebury, CT 06762
       Phone: (203) 272-5881
       Juris No.: 408519
       Their Attorneys

Attest A True Copy
John A. Lepito Jr.
State Marshal Hartford County

Page 2 of 4

*W 23 · 5077334*

RETURN DATE: May 2, 2023      :      **SUPERIOR COURT**

**JANE DOE PPA JOAN DOE, ET AL.**     :      **J. D. OF HARTFORD**

**V.**      :      **AT HARTFORD**

**LYFT DRIVES CONNECTICUT, INC.**    :      **MARCH 23, 2023**

## ORDER FOR TEMPORARY EX PARTE APPLICATION
## FOR THE USE OF A PSEUDONYM

The court finds that the plaintiffs' interest in protecting their identity compelling and significant in light of the allegations of voyeurism and that such interest outweighs the public's interest in knowing the name of the plaintiffs.  The pseudonym is necessary and no lesser alternative will suffice.  It is hereby ORDERED:

1.  The Applicant can commence a suit against LYFT DRIVES CONNECTICUT, INC. and CHRISTOPHER HARVEY using a pseudonym;

2.  That a hearing on the continued use of the pseudonym shall be held no less than fifteen (15) days after the return date of the Complaint;

3.  A copy of this Order along with the Complaint and any other motions or applications shall be served upon LYFT DRIVES CONNECTICUT, INC. and CHRISTOPHER HARVEY;

4.  The use of the pseudonym in place of the plaintiffs' name shall be used on all documents filed with the Court until further order; and

Page **3** of **4**

5.   The plaintiffs' name shall be disclosed to counsel for the defendant.


Dated at Hartford this _____27ᵗʰ_____ day of _____March_____ 2023.

                                                    BY THE COURT

                                                    _____ J.

A hearing will be held on – see attached
order regarding hearing – at which time this
question will be considered anew.

*Attest A True Copy*
*John A. Lepine Jr*
*State Marshal Hartford County*

MOORE, O'BRIEN & FOTI · ATTORNEYS AT LAW
891 STRAITS TURNPIKE, MIDDLEBURY, CONNECTICUT 06762 · TEL: 203-272-5881 · JURIS NO.: 408519

ORDER   431193

DOCKET NO: HHDCV235077334S

SUPERIOR COURT

DOE, JANE PPA
V.
LYFT DRIVES CONNECTICUT, INC. Et Al

JUDICIAL DISTRICT OF HARTFORD
AT HARTFORD

3/27/2023

## ORDER

The following order is entered in the above matter:

ORDER:

REMOTE HEARING ORDER

ORDER FOR VIRTUAL HEARING ON MOTION TO SEAL AND MOTION TO CONTINUE TO USE PSEUDONYM

A remote preliminary virtual hearing on the record has been scheduled on May 18, 2022 at 10:00 am. DO NOT COME TO COURT ON THIS DATE. Service shall be made by April 20, 2022.

The Court will not hear argument or receive evidence or testimony from witnesses on the date of the preliminary virtual hearing. On the date of the preliminary virtual hearing the Court will conduct a conference, to be attended by you or your attorney, to attempt to resolve issues without the need for an evidentiary hearing. If a evidentiary hearing is required, one will be scheduled after the preliminary virtual hearing is completed.

All appearing counsel and self-represented parties are required to participate. Parties are ordered to confer and PLAINTIFF'S COUNSEL is ORDERED to send ONE e-mail containing the names, phone numbers and current e-mail addresses for ALL participating parties to the Caseflow Office (HartfordCV.Caseflow@jud.ct.gov), copied to all counsel, at least TWO court days before the date of the hearing. Instructions for connecting to the hearing will be emailed to you before 5:00 p.m. the day before the hearing. Please make sure that your email subject line contains the docket number and name of the case. The body of the email should also reference the name of the case, docket number and what is being scheduled.

If you or your attorney does not come to Court on the date or time shown on this virtual hearing order the Court may make a decision on this matter based on the papers filed by the applicant without scheduling a conference or hearing.

By Order of the Court.

All questions regarding the hearing should be directed to the civil caseflow office at HartfordCV.Caseflow@jud.ct.gov

431193

Judge: SUSAN QUINN COBB
Processed by: Adam Bulewich

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

Attest A True Copy
John A. Lepito Jr
State Marshal Hartford County

| RETURN DATE: May 2, 2023 | : | SUPERIOR COURT |
|---|---|---|
| JANE DOE PPA JOAN DOE, ET AL. | : | J. D. OF HARTFORD |
| V. | : | AT HARTFORD |
| LYFT DRIVES CONNECTICUT, INC. | : | MARCH 23, 2023 |

## MEMORANDUM OF LAW IN SUPPORT OF TEMPORARY EX PARTE APPLICATION FOR THE USE OF A PSEUDONYM

Pursuant to Connecticut Practice Book §11-20A(h)(1), (2), and (3), Jane Doe, Joan Doe and John Doe, the plaintiffs in the above-captioned matter, hereby file this Memorandum of Law in support of their request to proceed with the above-captioned matter under a fictitious name.

### I.   Factual Background

On or about January 3, 2022, the minor plaintiff, Jane Doe, alleges she was a victim of voyeurism.

### Law and Argument

Connecticut Practice Book §11-20A(h)(1) provides, in part, "[p]seudonyms may be used in place of the name of a party or parties only with the prior approval of the judicial authority and only if the judicial authority concludes that such order is necessary to preserve an interest which is determined to override the public's interest in knowing the name of the party

MOORE, O'BRIEN & FOTI · *ATTORNEYS AT LAW*
891 STRAITS TURNPIKE, MIDDLEBURY, CONNECTICUT 06762 • TEL:  203-272-5881 • JURIS NO.: 408519

or parties." Connecticut Practice Book §11-20A(h)(2) further provides that a Court may grant an ex parte application for permission to use a pseudonym provided a hearing on the continued use of such pseudonym is held within fifteen days of the return date.

Pseudonyms are allowed in a limited number of circumstances. In <u>Vargas v. Doe</u>, the Connecticut Appellate Court help "[t]he most compelling situations [for granting a motion to proceed anonymously] involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the [party's] identity. . . . There must be a strong social interest in concealing the identity of the [party]." (Internal quotations and citations omitted).

In this instant matter, the plaintiff is alleging voyeurism. It is axiomatic that this case deals with matters that are highly sensitive. Failure to allow the plaintiffs to use a pseudonym would subject them to public ridicule. The plaintiffs have a substantial privacy interest that far outweighs any benefit derived from using their name publicly.

## II. <u>Conclusion</u>

WHEREFORE, for the foregoing reasons, the plaintiffs respectfully request the Court grant their application to use a pseudonym in the commencement of the aforementioned civil action.

MOORE, O'BRIEN & FOTI · *ATTORNEYS AT LAW*
891 STRAITS TURNPIKE, MIDDLEBURY, CONNECTICUT 06762 · TEL: 203-272-5881 · JURIS NO.: 408519

THE PLAINTIFFS,
JANE DOE PPA JOAN DOE, JOAN DOE AND
JOHN DOE

By _____

Garrett M. Moore, Sr., Esq.
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762
Phone: (203) 272-5881
Juris No.: 408519
Their Attorneys

Attest A True Copy
John A. Lepito Jr
State Marshal Hartford County

Page **3** of **3**

**TIME, DATE, SCOPE AND DURATION OF SEALING OR CLOSURE ORDER**

JD-CL-76 Rev. 12-07
P.B. §§ 11-20, 11-20A, 25-59, 25-59A

**STATE OF CONNECTICUT SUPERIOR COURT**

**Notice**
No information entitled to remain confidential should be placed on this form.

**For Court Use Only**

☐ SEALOR (Document(s) or file sealed)
☐ LIMITOR (Disclosure limited)
☐ CLOSEOR (Courtroom closed)
☒ PSEUDOR (Use of pseudonym(s) granted)

Pursuant to Practice Book Sections 11-20, 11-20A, 25-59 and 25-59A the time, date, scope and, except for court closure orders, duration of the order shall be reduced to writing, signed by the judicial authority, and entered by the clerk in the court file. This form should be used for that purpose.

In addition to signing this form, the judicial authority must also comply with the other requirements of the above rules, which include articulating the overriding interest being protected, specifying its findings underlying the order, and either ordering that a transcript of its decision be included in the court file or preparing a memorandum setting forth the reasons for its order.  When sealing an entire court file, the judicial authority must also comply with Sections 11-20A(f) and 25-59A(f).

Instructions to Clerk for Civil and Family Cases: Complete this form upon issuance of the court order and IMMEDIATELY enter it in the court file. Use Section I for an order sealing document(s) or a file. Use Section II for an order limiting disclosure. Use Section III for an order closing a courtroom. Use Section IV for an order granting permission to use pseudonyms. The judicial authority and clerk must sign Section V. Code this form using the appropriate docket legend(s) for the section(s) of the form completed.

Additional instructions to Clerk for Civil Cases only: If Sections I, II or III are completed, IMMEDIATELY post a copy of this form on a bulletin board adjacent to the clerk's office and accessible to the public and fax the form IMMEDIATELY to Court Operations at (860) 263-2773 for posting on the judicial branch website.

Judicial District of **Hartford**          At (Town) **Hartford**          Docket number **CV23-5077334**

Case name (In the case of parties for whom a Motion for Permission to Use Pseudonym(s) was granted, use the pseudonym(s).)
**Jane Doe PPA Joan Doe, et al  v.  Lyft Drives Connecticut, Inc. el al**

## Section I - Order Sealing Document(s) Or File (Use "Sealor" Docket Legend)

| Date of sealing order | Time of sealing order | Duration of sealing order |
|---|---|---|
|  |  |  |

Scope of sealing order ("X" one)

☐ Case caption and docket number to be disclosed, contents of file sealed.
☐ The following designated motion(s), pleading(s) or other document(s) is/are sealed.

Entry number(s) of document(s) sealed pursuant to the order

Additional orders regarding scope

## Section II - Order Limiting Disclosure (Use "Limitor" Docket Legend)
(Use only for order limiting disclosure OTHER THAN SEALING. If order is to seal document(s) or file use Section I above.)

| Date of order limiting disclosure | Time of order limiting disclosure |
|---|---|
| Duration of order limiting disclosure | Entry number(s) of applicable document(s) |

Scope of order limiting disclosure (Explain limitation on disclosure, e.g., redaction, but do not include confidential information)

## Section III - Order Closing Courtroom (Use "Closeor" Docket Legend)

| Date of order closing courtroom | Time of order closing courtroom | Entry number of document |
|---|---|---|
| ~~3~~ N/A | N/A |  |

Scope of order closing courtroom

## Section IV - Order Permitting Use Of Pseudonym(s) (Use "Pseudor" Docket Legend)

| Date of order permitting use of pseudonym(s) | Time of order permitting use of pseudonym(s) |
|---|---|
| 3/27/23 | 4:30 pm |

Duration of order permitting use of pseudonym(s)  **Until further Court order**

Scope of order permitting use of pseudonym(s)  **See attached order**

## Section V - Signatures (Complete in every case)

| Signature of Judicial Authority | Date signed 3/27/23 |
|---|---|
| Signature of Clerk (Chief Clerk or his/her designee) | Date signed 3/27/23 |

Attest A True Copy
John A. Lepito Jr.
State Marshal Hartford County

Print Form          Reset Form

102

*W 23 · 5077334*

| | | |
|---|---|---|
| **RETURN DATE: May 2, 2023** | : | **SUPERIOR COURT** |
| **JANE DOE PPA JOAN DOE, ET AL.** | : | **J. D. OF HARTFORD** |
| **V.** | : | **AT HARTFORD** |
| **LYFT DRIVES CONNECTICUT, INC.** | : | **MARCH 23, 2023** |

## ORDER FOR TEMPORARY EX PARTE APPLICATION FOR THE USE OF A PSEUDONYM

The court finds that the plaintiffs' interest in protecting their identity compelling and significant in light of the allegations of voyeurism and that such interest outweighs the public's interest in knowing the name of the plaintiffs.  The pseudonym is necessary and no lesser alternative will suffice.  It is hereby ORDERED:

1. The Applicant can commence a suit against LYFT DRIVES CONNECTICUT, INC. and CHRISTOPHER HARVEY using a pseudonym;

2. That a hearing on the continued use of the pseudonym shall be held no less than fifteen (15) days after the return date of the Complaint;

3. A copy of this Order along with the Complaint and any other motions or applications shall be served upon LYFT DRIVES CONNECTICUT, INC. and CHRISTOPHER HARVEY;

4. The use of the pseudonym in place of the plaintiffs' name shall be used on all documents filed with the Court until further order; and

MOORE, O'BRIEN & FOTI · *ATTORNEYS AT LAW*
891 STRAITS TURNPIKE, MIDDLEBURY, CONNECTICUT 06762 • TEL:  203-272-5881 • JURIS NO.: 408519

5.  The plaintiffs' name shall be disclosed to counsel for the defendant.

Dated at Hartford this _____ 27ᵗʰ _____ day of _____ March _____ 2023.

BY THE COURT

_____ J.

A hearing will be held on - see attached
order regarding hearing - at which time this
question will be considered anew.



MOORE, O'BRIEN & FOTI • ATTORNEYS AT LAW
891 STRAITS TURNPIKE, MIDDLEBURY, CONNECTICUT 06762 • TEL:  203-272-5881 • JURIS NO.: 408519

ORDER   431193

DOCKET NO: HHDCV235077334S

SUPERIOR COURT

DOE, JANE PPA
  V.
LYFT DRIVES CONNECTICUT, INC. Et Al

JUDICIAL DISTRICT OF HARTFORD
  AT HARTFORD

3/27/2023

<u>ORDER</u>

The following order is entered in the above matter:

ORDER:

REMOTE HEARING ORDER

ORDER FOR VIRTUAL HEARING ON MOTION TO SEAL AND MOTION TO CONTINUE TO
USE PSEUDONYM

A remote preliminary virtual hearing on the record has been scheduled on May 18, 2022 at 10:00 am.
DO NOT COME TO COURT ON THIS DATE. Service shall be made by April 20, 2022.

The Court will not hear argument or receive evidence or testimony from witnesses on the date of the
preliminary virtual hearing. On the date of the preliminary virtual hearing the Court will conduct a
conference, to be attended by you or your attorney, to attempt to resolve issues without the need for an
evidentiary hearing. If a evidentiary hearing is required, one will be scheduled after the preliminary
virtual hearing is completed.

All appearing counsel and self-represented parties are required to participate. Parties are ordered to
confer and PLAINTIFF'S COUNSEL is ORDERED to send ONE e-mail containing the names, phone
numbers and current e-mail addresses for ALL participating parties to the Caseflow Office
(HartfordCV.Caseflow@jud.ct.gov), copied to all counsel, at least TWO court days before the date of the
hearing. Instructions for connecting to the hearing will be emailed to you before 5:00 p.m. the day
before the hearing. Please make sure that your email subject line contains the docket number and name
of the case. The body of the email should also reference the name of the case, docket number and what
is being scheduled.

If you or your attorney does not come to Court on the date or time shown on this virtual hearing order
the Court may make a decision on this matter based on the papers filed by the applicant without
scheduling a conference or hearing.

By Order of the Court.

All questions regarding the hearing should be directed to the civil caseflow office at
HartfordCV.Caseflow@jud.ct.gov

431193

Judge: SUSAN QUINN COBB
Processed by: Adam Bulewich

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

Attest A True Copy
John A. Lepito Jr
State Marshal Hartford County

CV 23.5077334

| | | |
|---|---|---|
| RETURN DATE: May 2, 2023 | : | SUPERIOR COURT |
| JANE DOE PPA JOAN DOE, ET AL. | : | J. D. OF HARTFORD |
| V. | : | AT HARTFORD |
| LYFT DRIVES CONNECTICUT, INC. | : | MARCH 23, 2023 |

## MOTION FOR PERMISSION TO CONTINUE TO USE PSEUDONYMS

Pursuant to Connecticut Practice Book §11-20A(h)(1), (2), and (3) Jane Doe, Joan Doe and John Doe, the plaintiffs in the above-entitled action requested permission to proceed with the above-entitled matter under fictitious names. The plaintiffs hereby move for the continued use of such pseudonym for the duration of this anticipated litigation, and represents:

1.     That such order is necessary to preserve an interest, which overrides that of the public's interest in knowing the plaintiffs' names.

2.     The special and sensitive circumstances of this case justify the use of a pseudonym, as continued nondisclosure of the plaintiffs' identities will protect the plaintiffs from harassment, injury, ridicule, and personal embarrassment.

3.     The allegations as contained in the Complaint involve an alleged voyeurism committed by the defendant.

4.     The pseudonym is necessary and no lesser alternative will suffice.

Page 1 of 3

103

THE PLAINTIFFS,
JANE DOE PPA JOAN DOE, JOAN DOE AND
JOHN DOE

By_____
Garrett M. Moore, Sr., Esq.
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762
Phone: (203) 272-5881
Juris No.: 408519
Their Attorneys



Page 2 of 3

RETURN DATE: May 2, 2023           :      **SUPERIOR COURT**

**JANE DOE PPA JOAN DOE, ET AL.**    :      **J. D. OF HARTFORD**

**V.**                    :      **AT HARTFORD**

**LYFT DRIVES CONNECTICUT, INC.**    :      **MARCH 23, 2023**

### ORDER FOR THE USE OF A PSEUDONYM

The court finds that the plaintiffs' interest in protecting their identity compelling and significant in light of the allegations of voyeurism and that such interest outweighs the public's interest in knowing the name of the plaintiffs.  The pseudonym is necessary and no lesser alternative will suffice.  It is hereby ORDERED:

1. The use of the pseudonym in place of the plaintiffs' names shall be used on all documents filed with the Court until further order; and

2. The plaintiffs' names shall be disclosed to counsels for the defendants.

Dated at Hartford this _____ day of _____ 2023.

BY THE COURT

_____ J.

Page **3** of **3**

CV23· 5077334

RETURN DATE: May 2, 2023       :       **SUPERIOR COURT**

·JANE DOE PPA JOAN DOE, ET AL.    :       **J. D. OF HARTFORD**

V.                                          :       **AT HARTFORD**

LYFT DRIVES CONNECTICUT, INC.    :       **MARCH 23, 2023**

## MOTION TO SEAL

Pursuant to Practice Book §11-20A, the plaintiffs respectfully request that this entire lawsuit be sealed, as sealing is necessary to preserve an interest, which overrides that of the public's interest in knowing the plaintiffs' name. The special and sensitive circumstances of this case a seal, as continued non-disclosure will protect the plaintiffs from harassment, injury, ridicule and personal embarrassment. The plaintiffs attach a Memorandum of Law in support thereof, pursuant to practice book §7-4B.

Wherefore, the plaintiffs move for an order to seal.

THE PLAINTIFFS,
JANE DOE PPA JOAN DOE, JOAN DOE AND
JOHN DOE

By_____

Garrett M. Moore, Sr., Esq.
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762
Phone: (203) 272-5881
Juris No.: 408519
Their Attorneys

1

104

| | | |
|---|---|---|
| **RETURN DATE: August 30, 2022** | : | **SUPERIOR COURT** |
| **JANE DOE** | : | **J. D. OF NEW HAVEN** |
| **V.** | : | **AT NEW HAVEN** |
| **STATE OF CONNECTICUT, ET AL** | : | **JULY 28, 2022** |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL

Practice Book §11-20A provides in relevant part as follows:

"(a) Except as otherwise provided by law, there shall be a presumption that documents filed with the court shall be available to the public.

*     *     *

(c) Upon written motion of any party, or upon its own motion, the judicial authority may order that files, affidavits, documents, or other materials on file or lodged with the court or in connection with a court proceeding be sealed or their disclosure limited only if the judicial authority concludes that such order is necessary to preserve an interest which is determined to override the public's interest in viewing such materials. The judicial authority shall first consider reasonable alternatives to any such order and any such order shall be no broader than necessary to protect such overriding interest. An agreement of the parties to seal or limit the disclosure of documents on file with the court or filed in connection with a court proceeding shall not constitute a sufficient basis for the issuance of such an order.

*     *     *

(e) Except as otherwise ordered by the judicial authority, a motion to seal or limit the disclosure of affidavits, documents, or other materials on file or lodged with the court or in connection with a court proceeding shall be calendared so that notice to the public is given of the time and place of the hearing on the motion and to afford the public an opportunity to be

2

heard on the motion under consideration. The procedures set forth in Sections 7-4B and 7-4C shall be followed in connection with a motion to file affidavits, documents or other materials under seal or to limit their disclosure."

Pursuant to Practice Book § 7-4 B(b), a party filing a motion requesting that a record be filed under seal or that its disclosure be limited shall lodge the record with the court pursuant to practice book section 7-4C when the motion is filed, unless the judicial authority, for good cause, orders that the needed record not be lodged.  The right of public access to judicial documents is no absolute.  In <u>Vargas v. Doe</u>, 96 Conn. App. 399, 407, cert. denied, 280 Conn. 923 (2006), the Appellate Court defined the standard to use as "whether a substantial privacy interest exist to override the public's interest in open judicial proceedings."

Here there is no detriment to the public for keeping confidential the lawsuit containing the highly sensitive and nefarious acts of the defendant committed upon a minor plaintiff.  While the presumption of open proceedings and public access to documents remains, Practice Book §11-20A allows for the non-disclosure of certain documents and information, and these circumstances clearly warrant the non-disclosure of this information here.  In particular, there is a potential for serious harm to the plaintiff.  The special and sensitive circumstances of this case justify the use of a seal and pseudonym, as continued nondisclosure of the plaintiff's identity will protect the plaintiff from harassment, injury, ridicule, and personal embarrassment.

3

WHEREFORE, the plaintiffs move to seal the entire lawsuit filed and that it be filed as confidential.

THE PLAINTIFFS,
JANE DOE PPA JOAN DOE, JOAN DOE AND
JOHN DOE

By_____
Garrett M. Moore, Sr., Esq.
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762
Phone: (203) 272-5881
Juris No.: 408519
Their Attorneys

Attest A True Copy
John A. Zepito Jr
State Marshal Hartford County

4

**APPEARANCE**
JD-CL-12  Rev. 12-21
P.B. §§ 3-1 through 3-12, 10-13, 25-6A, 25a-2, 25a-3

| This form is available in other language(s). |

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



*There are instructions and important notices on page 2 (the back) of this form.*
*Read page 2 before filling out this form.*

☐ *I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.*

| Return date (For Civil/Family cases) |
| **MAY 2, 2023** |
| Docket Number |
| CW 23.5077334 |

**Name of case** *(Full name of first Plaintiff v. Full name of first Defendant)  Note: In Criminal/Motor Vehicles cases, the Plaintiff is The State of Connecticut*
JANE DOE PPA JOAN DOE, ET AL V. LYFT DRIVES CONNECTICUT, INC., ET AL

| Housing Session | Judicial District | Geographic Area [x] | Address of court (Number, street, town and zip code) 95 WASHINGTON STREET, HARTFORD, CT 06106 | Scheduled court date (Criminal/Motor Vehicle cases only) |

## Enter the Appearance of

| Name (Your name or name of official, firm, professional corporation, or individual attorney) GARRETT M. MOORE, SR., MOORE, O'BRIEN & FOTI | Juris number (For attorney/law firm) 308035 |

| Mailing address 891 STRAITS TURNPIKE | Post Office box number | Telephone number (Area code first) 203-272-5881 |

| City/town MIDDLEBURY | State CT | Zip code 06762 | Fax number 203-272-9273 | E-mail address GMOORE@MOJYLAW.COM |

in the case named above for: *(Select one of the following parties. See descriptions/notes on page 2 of this form.)*

**PLAINTIFF**
☐ The Plaintiff.
[x] All Plaintiffs.
☐ The following Plaintiff(s) only:

**DEFENDANT**
☐ The Defendant.
☐ All Defendants.
☐ The following Defendant(s) only:

☐ **Other** *(Specify):* _____

☐ This is a **Family Matters** case (such as divorce, custody, or child support). My appearance is for: *(Select one or both)*
  ☐ matters in the Family Division of the Superior Court      ☐ Title IV-D Child Support matters

☐ This is a **Criminal/Motor Vehicle** case, and I am filing this appearance as ☐ a Public Defender or ☐ Assigned Counsel
☐ This appearance is for the purpose of a bail hearing only.                                    (Special Public Defender)
☐ This appearance is for the purpose of alternative arraignment proceedings only.

If an appearance by other counsel or self-represented party is on file for this party/parties, select one option below:

1. ☐ This appearance is in place of the appearance of: _____
   *Name and Juris Number (if applicable) to be replaced*

2. ☐ This appearance is in addition to an appearance already on file.

I agree that documents can be delivered (served) to me electronically in this case. (Practice Book Sec. 10-13)  ☐ Yes  ☐ No

| Signed (Individual attorney or self-represented party) | Name of person signing at left (Print or type) GARRETT M. MOORE, SR., ESQ. | Date signed 03/23/2023 |

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on *(date)* ___03/23/2023___ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was or will be mailed or delivered to*

*Attest A True Copy*
*John A. Lepito Jr*
*State Marshal Hartford County*

FOR COURT USE ONLY

**FILED**

MAR 27 2023

HARTFORD J.D.

*If necessary, attach additional sheet or sheets with name and address with the copy was or will be mailed or delivered to.

| Signed (Signature of filer) | Print or type name of person signing Garrett M. Moore, Sr., Esq. | Date signed 03/23/2023 |