## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JANE DOE PPA JOAN DOE, ET AL,

                 Plaintiff,

    vs.

LYFT DRIVES CONNECTICUT, INC.
                  Defendant.

Civil Action No. 23-cv-533-VAB

June 14, 2023

## PLAINTIFFS MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P.  15(a) and   L.Civ. R. 7(f) Plaintiffs JANE DOE PPA JOANE DOE AND JOHN DOE (collectively "Plaintiffs") seek leave of this Court to file an Amended Complaint in part to address some of the legal issues raised by Defendant LYFT DRIVES CONNECTICUT INC. (hereinafter "LYFT") in their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and filed on May 17, 2023.

Plaintiffs represent that they have been unable to determine the position of Defendant LYFT because there was insufficient time to afford them a reasonable opportunity to respond. Pursuant to L.Civ. R. 7(f) a redlined version of the proposed Amended Complaint showing the changes proposed against the original Complaint and a clean version of the proposed Amended Complaint are attached hereto. The grounds for the Plaintiffs motion are:

1.  Plaintiffs commenced the instant action in the Connecticut Superior Court with a return date of May 2, 2023.

**ORAL ARGUMENT IS REQUESTED**

1

2.     The Plaintiffs Complaint alleges that on or about January 3, 2022, Defendant Christopher Harvey used Defendant LYFT's ride-hail smartphone app to obtain a ride for the minor Plaintiff, age fourteen. It is alleged that Defendant LYFT's agent, servant, and/or employee picked up the minor, Plaintiff JANE DOE, even though she was unaccompanied by an adult, wearing pajamas, and carrying a bookbag. It is further alleged that Defendant LYFT's agent, servant and or employee then transported the unaccompanied minor Plaintiff from her home in Connecticut to New York City, over one-hundred and fifty miles away, where the minor Plaintiff was delivered to Defendant, CHRISTOPHER HARVEY, who then sexually assaulted her.

3. On April 27, 2023, Defendant LYFT removed the Plaintiffs' State Court Action to this Court although they failed to join Defendant, Christopher Harvey, alleging that he was not properly served by the Plaintiffs prior to Defendant LYFT's Notice of Removal dated April 26, 2023. The Plaintiffs deny the Defendant's allegation and maintain that Defendant, CHRISTOPHER HARVEY, was properly served prior to the Defendant LYFT's Notice of Removal and should have been joined in this case.

4. On May 17, 2023, the Defendant, LYFT, filed a Motion to Dismiss the Plaintiffs' Complaint pursuant to Fed. R. Civ. P 12(b)(6) alleging that Plaintiffs complaint failed to state a claim for: (a) Negligent Supervision or Training; (b) Negligent Hiring or Retention;(c) Negligent Infliction of Emotional Distress and; (d) Filial Consortium.

5. Thereafter, Plaintiffs filed a Motion for Extension of seven (7) days until June 14, 2023 to file an Opposition Memorandum which was granted by the court.

6. On June 14, 2023, the Plaintiffs moved for a one (1) day extension until June 15, 2023 file their Opposition Memorandum.

7.     Plaintiffs now come before this Court to respectfully request leave to amend their
Complaint in a good faith effort to address some of the legal issues raised by the Defendant, LYFT,
in their Motion to Dismiss and to also assert a cause of action that may narrow and streamline the
pleadings.

8.   The Plaintiffs in their Amended Complaint have respectfully withdrawn the below
Counts alleging claims of negligent supervision, training, hiring retention from the original
Complaint which the Defendant, LYFT, has asserted are legally insufficient as presently alleged
in their Motion to Dismiss:

**FIRST COUNT:** (JANE DOE PPA JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)
**(Negligent Supervision/Training)**

**FIFTH COUNT:** (JANE DOE PPA JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)
**(Negligent Hiring/Retention)**

9.     The Plaintiffs further request that the withdrawal of the First and Fifth Counts of the
original Complaint alleging claims of negligent supervision, training, hiring retention *be without
prejudice* pending some limited discovery to determine the viability of these claims.

10.   The Plaintiffs have substituted the First and Fifth Counts with a single Count
against the Defendant LYFT based on the vicarious liability of their LYFT driver who picked up
and transported the unaccompanied, minor Plaintiff across state lines in New York City where she
was sexually assaulted.

11.   The Plaintiff's have re-alleged their NIED counts with some additional facts. The Plaintiffs have re-alleged their Filial Consortium counts so they are derivative of the count asserting vicarious liability against the Defendant LYFT.

12.   The Plaintiffs further respectfully state that the Plaintiff's complaint was removed on April 27, 2023, and therefore has only been pending in this court for a little over forty-five (45) days. Additionally, the applicable statute of limitations has not expired and will not run until on or about January 2, 2024.

13.   The Defendant, LYFT, will not suffer any prejudice and the Plaintiffs leave to amend is meant to in part cure deficiencies in the original Complaint.


                              THE PLAINTIFFS
                              JANE DOE PPA JOAN DOE, JOAN DOE
                              AND JOHN DOE


                               /s/   #ct05673_____
                              Garrett Moore Esq. (Fed Bar No. ct05673)
                              Moore, O'Brien & Foti
                              891 Straits Turnpike
                              Middlebury, CT 06762
                              Telephone: (203) 272-5881
                              Facsimile: (203) 272-9273
                              Email: gmoore@mojylaw.com

4

## <u>CERTIFICATION</u>

I hereby certify that on June 15, 2023, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

/s/   #ct05673 _____
Garrett Moore Esq. (Fed Bar No. ct05673)
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762
Telephone: (203) 272-5881
Facsimile: (203) 272-9273
Email: gmoore@mojylaw.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE PPA JOAN DOE, ET AL,<br><br>                              Plaintiff,<br>vs.<br><br>LYFT DRIVES CONNECTICUT, INC.<br>                              Defendant. | Civil Action No. 23-cv-533-VAB<br><br><br>June 15, 2023 |

### PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF LEAVE TO FILE AN AMENDED COMPLAINT

The controlling Fed. R. Civ. P as to amending pleadings is 15(a). It states:

**Rule 15. Amended and Supplemental Pleadings**
(a) AMENDMENTS BEFORE TRIAL.
(1) *Amending as a Matter of Course.* A party may amend its
pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading
is required, 21 days after service of a responsive pleading
or 21 days after service of a motion under Rule 12(b), (e),
or (f), whichever is earlier.
(2) *Other Amendments.* In all other cases, a party may amend
its pleading only with the opposing party's written consent or
the court's leave. **The court should freely give leave when justice
so requires.** [Emphasis Added]


        In our case, Plaintiffs respectfully submit that leave should be given to amend their

complaint in the interests of justice.  The Plaintiffs respectfully state that the Plaintiffs' complaint

was removed by the Defendant, LYFT, from state court on April 27, 2023.  Therefore, this case

has only been pending in the District Court for a little over forty-five (45) days. Moreover, the

applicable 2-year statute of limitations has not expired. The statute of limitations will not run until

on or about January 2, 2024. Further, the parties have not yet commenced any discovery or

depositions in this matter. Under the circumstances, the Defendant, LYFT, will not suffer any undue prejudice by the granting of the Motion for Leave to Amend. Furthermore, as stated above in this motion, the Plaintiffs' Leave to Amend is meant to, in part, cure deficiencies in the original Complaint.

As stated in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962): "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" Id.

Wherefore, the Plaintiffs respectfully request leave to file their First Amended Complaint. A copy of the Amended Complaint is attached hereto with the redlined copy showing deletions and additions.

THE PLAINTIFFS
JANE DOE PPA JOAN DOE, JOAN DOE
AND JOHN DOE

/s/ ___#ct05673_____
Garrett Moore Esq. (Fed Bar No. ct05673)
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762
Telephone: (203) 272-5881
Facsimile: (203) 272-9273
Email: gmoore@mojylaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| |
|---|
| JANE DOE PPA JOAN DOE, ET AL, |
| Plaintiff, |
| vs. |
| LYFT DRIVES CONNECTICUT, INC. |
| Defendant. |

Civil Action No. 23-cv-533-VAB

June 15, 2023

**<u>AMENDED COMPLAINT</u>**

**<u>FIRST COUNT:</u>(JANE DOE PPA JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.) (Vicarious liability)**

1.      The minor plaintiff, **JANE DOE**, brings this action by and through her mother and next friend, **JOAN DOE.**

2.      At all relevant times mentioned herein, the defendant, **LYFT DRIVES CONNECTICUT, INC., (**hereinafter **"LYFT"**) was and is a foreign corporation incorporated in the state of Delaware with its principal place of business in California and duly authorized to transact business in the state of Connecticut.

3.      At all relevant times mentioned herein defendant, **LYFT,** transacted business in the State of Connecticut.

4.      At all relevant times herein defendant, **LYFT,** by and through its agents, servants and/or employee Lyft drivers provided on demand ride-hailing and ride-sharing services and other transportation services in the State of Connecticut for a fare.

5.      At all relevant times herein to utilize the defendant **LYFT'**s ride-hailing or ride-sharing services, a Lyft customer used the defendant, **LYFT's** smartphone application to request a ride and the Lyft smartphone application communicated with a Lyft driver, who then picked up the customer in a vehicle that was identified as defendant **LYFT's** vehicle, and then drove the customer to the passenger's destination.

6.      At all relevant times herein, after a customer reached his/her destination the defendant, **LYFT,** received a credit card payment from the customer/passenger for the entirety of the fare via its Lyft smartphone application and retained a portion of the fare. The defendant, **LYFT,** then remitted a percentage of the fare to the Lyft driver who transported the customer.

7.      At all relevant times herein, the defendant, **LYFT,** (a) set the rates that Lyft drivers could charge customers, (b) determined the portion of the payment to be remitted to the Lyft drivers as compensation for their services, (c) required  Lyft  drivers to use the Lyft smartphone application for ride-hailing and ride-sharing, and (d) identified the vehicles operated by Lyft drivers as **LYFT** vehicles when a customer accessed the Lyft smartphone application.

8.    At all relevant times herein the defendant, **LYFT,** its agents, servants, and/or employees represented to the public on its website at https://www.lyft.com/safety that they would look out for your safety, had "high safety standards" and "proactive safety support".

9.    At all relevant times herein the defendant, **LYFT,** had Community Guidelines for its Lyft drivers which included an age requirement that stated that stated: children aged seventeen or under were not permitted to ride without being accompanied by an adult.

10.    At all relevant times herein, the defendant, **LYFT,** held itself out as a common carrier representing to the public its high safety standards and its agents, servants, and/or employees were charged with exercising the highest degree of care when providing ride-hailing and ride-sharing services and other transportation services to the public.

11.    Upon information and belief, on or about January 3, 2022, the defendant, **CHRISTOPHER HARVEY**, used the defendant **LYFT**'s smartphone application to request a ride-hail for the minor plaintiff, **JANE DOE**.

12.    On or about January 3, 2022, the defendant **LYFT**'s agent, servant, and/or employee picked up the minor plaintiff, **JANE DOE,** who was only fourteen years old on a street corner in Enfield, Connecticut.

3

13.     On or about January 3, 2022, when defendant, **LYFT**'s agent, servant, and/or employee arrived in his **LYFT** vehicle to pick up the minor plaintiff, **JANE DOE,** age fourteen, on a street corner in Enfield, Connecticut. She was wearing pajama pants, a hoodie, and carrying a bookbag with her.

14.     Upon information and belief, the defendant, **CHRISTOPHER HARVEY**, used the defendant, **LYFT's** smartphone application to request that the defendant, **LYFT's** agent, servant, and/or employee drive the minor plaintiff, **JANE DOE,** from Enfield, Connecticut to a location in New York City, about 150 miles away.

15.     On or about January 3, 2022, the defendant, **LYFT's** agent, servant, and/or employee permitted the minor plaintiff, **JANE DOE,** to enter his Lyft vehicle to be transported without being accompanied by an adult even though he knew, or should have known, she was a minor.

16.     On or about January 3, 2022, the defendant, **LYFT's** agent, servant, and/or employee took immediate custody and control of the minor plaintiff, **JANE DOE**, and transported her across state lines from Connecticut to New York City.

17.     On or about said date the defendant **LYFT's** agent, servant and/or employee transported the minor plaintiff, **JANE DOE,** to New York City and delivered her to the defendant, **CHRISTOPHER HARVEY**.

18.     At all relevant times herein the defendant, **CHRISTOPHER HARVEY** did not have permission or authority to be with the minor plaintiff, **JANE DOE**.

19.     At all relevant times herein, the defendant, **LYFT's** agent, servant, and/or employee who transported the minor plaintiff, **JANE DOE,** was acting and operating within the scope of his agency with the defendant, **LYFT.**

20.     On or about January 3, 2022, and continuing to or about January 5, 2022, the defendant, **CHRISTOPHER HARVEY,** engaged in unlawful sexual and physical contact with the minor plaintiff, **JANE DOE**.

21.     At all relevant times mentioned, the minor plaintiff, **JANE DOE** suffered injuries and damages as described in greater detail herein.

22.     At all relevant times mentioned herein, the minor plaintiff, **JANE DOE'S** injuries were caused by the negligence and carelessness of the defendant, **LYFT** by and through its agent, servant and/or employee **LYFT** driver in that:

   a.   He failed to request identification from the minor plaintiff;

   b.   He failed to refuse to provide transportation to the minor plaintiff;

   c.   He failed to abide by official guidelines, rules and/or policies;

   d.   He failed to call defendant LYFT's critical response line;

   e.   He failed to contact the proper authorities;

    f.   He observed that the minor plaintiff was wearing pajamas, a hoodie and carrying a bookbag but failed to make any reasonable inquiry of the minor plaintiff to determine if she was underage;

    g.   He failed to take any reasonable measures to determine the minor plaintiff's age;

    h.   He failed to keep the minor plaintiff safe;

    i.   He took custody of the minor plaintiff by allowing her into his Lyft vehicle but failed to reasonably and adequately protect her from harm;

    j.   He transported an unaccompanied minor across state lines;

    k.   He failed to properly assess the user/customer who requested the ride-hail for the minor plaintiff;

    l.   He violated Lyft's age requirement community guidelines;

    m.   He violated Lyft's safety policies, procedures, and guidelines;

    n.   He knew or should have known that the plaintiff was a minor, but failed to ensure the minor's safety once in his custody and control.

    o.   He violated the rules, regulations, and laws applicable to ride-hail drivers.

    23.   As a result of the negligence and carelessness of the defendant, **LYFT's** agent, servant and/or employee, the minor plaintiff, **JANE DOE,** suffered the injuries, losses and damages as hereinafter set forth, some or all of which may be permanent in nature:

    a.   Nightmares;

    b.   Sleep paralysis;

c.   Intense fear;

d.   Anxiety;

e.   Depression;

f.   Self-harm;

g.   Post traumatic stress disorder;

h.   Permanent emotional trauma;

i.   Vaginal pain;

j.   Pain and suffering.

24.   As a further result of the negligence of the defendant, **LYFT** 's agent, servant and/or employee, the minor plaintiff, **JANE DOE**, was unable and remains unable to participate in and enjoy her life's activities.

**SECOND COUNT:**  **(JOAN DOE V. LYFT DRIVES CONNECTICUT, INC.)**
**(Filial Consortium)**

1-24.   Paragraphs 1 through 24 of the First Count are hereby incorporated and made paragraphs 1 through 24 of this Second Count as if fully set forth herein.

25.   At all relevant times, the plaintiff, **JOAN DOE**, was the lawful mother of the minor plaintiff, **JANE DOE**.

26.   As a result of the aforementioned conduct of the defendant, **LYFT,** by and through its agent, servant, and/or employee, the plaintiff, **JOAN DOE,** has suffered a loss of affection, companionship, society, and consortium of the minor plaintiff, **JANE DOE**.

**THIRD COUNT:**     **(JOHN DOE V. LYFT DRIVES CONNECTICUT, INC.)**
                          **(Filial Consortium)**

1-24.    Paragraphs 1 through 24 of the First Count are hereby incorporated and made paragraphs 1 through 24 of this Third Count as if fully set forth herein.

25.    At all relevant times, the plaintiff, **JOHN DOE**, was the lawful father of the minor plaintiff, **JANE DOE**.

26.    As a result of the conduct of the defendant, **LYFT** by and through its agent, servant and/or employee the plaintiff, **JOHN DOE,** has suffered a loss of affection, companionship, society, and consortium of the minor plaintiff **JANE DOE**.

**FOURTH COUNT:**  **(JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)**
                          **(Medical Expenses)**

1-24.    Paragraphs 1 through 24 of the First Count are hereby incorporated and made paragraphs 1 through 24 of this Fourth Count as if fully set forth herein.

25.    All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests, and therapy, all necessary to her daughter, minor plaintiff, **JANE DOE's** recovery and may be forced to expend additional sums in the future.

**<u>FIFTH COUNT:</u> (JANE DOE PPA JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)   (Negligent Infliction of Emotional Distress)**

1-24.    Paragraphs 1 through 24 of the First Count are hereby incorporated and made paragraphs 1 through 24 of this Fifth Count as if fully set forth herein.

25.    At all relevant times herein defendant, **LYFT's** agent, servant, and/or employee knew or should have known that the minor plaintiff, **JANE DOE,** was a vulnerable underage minor when he picked her up in pajamas on a street corner, and that his conduct of transporting the unaccompanied, minor plaintiff, **JANE DOE,** only fourteen years old, from her home in Enfield, Connecticut down to New York City, over three hours away, across state lines, involved an unreasonable risk of causing the vulnerable, minor plaintiff, **JANE DOE,** to feel fear, anxiety and emotional distress, which if caused might result in illness.

**<u>SIXTH COUNT:</u> (JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.) (Medical Expenses)**

1-25.    Paragraphs 1 through 25 of the Fifth Count are hereby incorporated and made paragraphs 1 through 25 of this Sixth Count as if fully set forth herein.

26.    All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to his daughter's recovery, and may be forced to expend additional sums in the

future as a direct result of the defendant, **LYFT's** agent, servant, and/or employee's negligent infliction of emotional distress upon her daughter, minor plaintiff, **JANE DOE**.

## SEVENTH COUNT: (JANE DOE PPA JOHN DOE v. CHRISTOPHER HARVEY (Negligence)

1.     The minor plaintiff, **JANE DOE**, brings this action by and through her mother and next friend, **JOAN DOE**.

2.   On or about January 3, 2022, the defendant, **LYFT's** agent, servant and/or employee transported the minor plaintiff, **JANE DOE,** to New York City and delivered her there to the defendant, **CHRISTOPHER HARVEY,** who did not have any permission and authority to be with the minor plaintiff, **JANE DOE**.

3.     On or about January 3, 2022, through January 5, 2022, the defendant, **CHRISTOPHER HARVEY,** unlawfully kept the minor plaintiff, **JANE DOE,** at his residence in New York City.

4.     On or about January 3, 2022, through January 5, 2022, the defendant, **CHRISTOPHER HARVEY**, made unwanted and/or unwarranted sexual and physical contact with the minor plaintiff, **JANE DOE**.

5.     The negligent sexual and/or physical touching of the minor plaintiff, **JANE DOE**, and her injuries resulting therefrom were caused by the defendant, **CHRISTOPHER HARVEY**, in that:

a.      He made unwelcome physical and/or sexual advances toward the minor plaintiff, **JANE DOE**;

b.      He made unwelcome physical and/or sexual contact with the minor plaintiff, **JANE DOE**;

c.      He placed his genitals in the minor plaintiff, **JANE DOE**'s mouth; and/or

d.      He placed his genitals in the minor plaintiff, **JANE DOE**'s vagina and/or vaginal area.

6.      As a result of negligence of the defendant, **CHRISTOPHER HARVEY**, the minor plaintiff, **JANE DOE,** suffered the following injuries, some, or all of which may be permanent in nature:

a. Nightmares;

b. Sleep paralysis;

c. Intense fear;

d. Anxiety;

e. Depression;

f. Post traumatic stress disorder;

g. Permanent emotional trauma;

h. Vaginal pain;

i. Pain and suffering.

11

7. As a result of the negligence of the defendant, **CHRISTOPHER HARVEY**, the minor plaintiff, **JANE DOE**, was unable and remains unable to participate in and enjoy her usual activities.

**EIGHTH COUNT: (JOAN DOE v. CHRISTOPHER HARVEY)**
**(Medical Expenses)**

1-7.    Paragraphs 1 through 7 of the Seventh Count are hereby incorporated and made paragraphs 1 through 7 of this Eighth Count as if fully set forth herein.

8.    All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests, and therapy, all necessary to her daughter's recovery, and may be forced to expend additional sums in the future.

**NINTH COUNT:(JANE DOE PPA JOAN DOE v. CHRISTOPHER HARVEY)**
**(Negligent Infliction of Emotional Distress)**

1-7.    Paragraphs 1 through 7 of the Seventh Count are hereby incorporated and made paragraphs 1 through 7 of this Ninth Count as if fully set forth herein.

8. The defendant, **CHRISTOPHER HARVEY**, knew or should have known that his actions would create an unreasonable risk of causing emotional harm or distress, or other bodily injury, to the minor plaintiff, **JANE DOE**.

**TENTH COUNT:** **(JOAN DOE V. CHRISTOPHER HARVEY)**
                      **(Filial Consortium)**

1-7.     Paragraphs 1 through 7 of the Seventh Count are hereby incorporated and made paragraphs 1 through 7 of this Tenth Count as if fully set forth herein.

8.     At all relevant times, the plaintiff, **JOAN DOE**, was the lawful mother of the minor plaintiff, **JANE DOE**.

9.     As a result of the conduct of the defendant, **CHRISTOPHER HARVEY,** the plaintiff, **JOAN DOE,** has suffered a loss of affection, companionship, society, and consortium of the minor plaintiff, **JANE DOE**.

**ELEVENTH COUNT:** **(JOHN DOE V. CHRISTOPHER HARVEY)**
                          **(Filial Consortium)**

1-7.     Paragraphs 1 through 7 of the Seventh Count are hereby incorporated and made paragraphs 1 through 7 of this Eleventh Count as if fully set forth herein.

8.     At all relevant times, the plaintiff, **JOHN DOE**, was the lawful father of the minor plaintiff, **JANE DOE**.

9.     As a result of the conduct of the defendant, **CHRISTOPHER HARVEY**, the plaintiff, **JOHN DOE,** has suffered a loss of affection, companionship, society, and consortium of the minor plaintiff, **JANE DOE.**

## **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiffs, JANE DOE PPA JOAN DOE, JOAN DOE AND JOHN DOE respectfully requests judgment as follows:

1.  Monetary and/or compensatory damages as to all Counts of the Amended Complaint.

2.  Any and all further other relief that is just and reasonable.

THE PLAINTIFFS
JANE DOE PPA JOAN DOE, JOAN DOE
AND JOHN DOE

/s/ ___#ct05673_____
Garrett Moore Esq. (Fed Bar No. ct05673)
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762
Telephone: (203) 272-5881
Facsimile: (203) 272-9273
Email: gmoore@mojylaw.com

## **CERTIFICATION**

I hereby certify that on June 15, 2023, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

/s/   #ct05673\
Garrett Moore Esq. (Fed Bar No. ct05673)\
Moore, O'Brien & Foti\
891 Straits Turnpike\
Middlebury, CT 06762\
Telephone: (203) 272-5881\
Facsimile: (203) 272-9273\
Email: gmoore@mojylaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JANE DOE PPA JOAN DOE, ET AL, | |
| Plaintiff, | Civil Action No. 23-cv-533-VAB |
| vs. | |
| LYFT DRIVES CONNECTICUT, INC., | June 14, 2023 |
| Defendant. | |

**AMENDED COMPLAINT**
~~COMPLAINT~~

**FIRST COUNT:** ~~(JANE DOE PPA JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)  Negligent Supervision/Training)~~

~~1.      The minor plaintiff, **JANE DOE**, brings this action by and through her mother and next friend, JOAN DOE.~~

~~2.      At all times mentioned herein, the defendant, **LYFT DRIVES CONNECTICUT, INC.**, was and is a company transacting business in the State of Connecticut.~~

~~3.      At all times mentioned herein, the defendant, **LYFT DRIVES CONNECTICUT, INC.**, its agents, servants and/or employees engaged in the business of ridesharing.~~

> **Formatted:** Left

4.      On or about January 3, 2022, an agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, picked up the minor plaintiff, **JANE DOE**.

5.      The minor plaintiff, **JANE DOE**, was picked up by the defendant, **LYFT DRIVES CONNECTICUT, INC.'s**, agent, servant and/or employee on a street corner away from her home.

6.      The minor plaintiff, **JANE DOE**, was wearing pajama pants, a hoodie, and had a bookbag with her.

7.      The minor plaintiff, **JANE DOE**, entered in the agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.'s**, vehicle.

8.      An agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, transported the minor plaintiff, **JANE DOE**, across state lines into New York.

9.      An agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, delivered the minor plaintiff, **JANE DOE**, to CHRISTOPHER HARVEY.

10.     CHRISTOPHER HARVEY did not have permission or authority to be with the minor plaintiff, **JANE DOE**.

2

11. ~~The agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, was operating within the scope of his employment and/or agency.~~

12. ~~The agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, was operating under its supervision, control, and/or direction.~~

13. ~~The defendant, **LYFT DRIVES CONNECTICUT, INC.**, its agents, servants and/or employees, had a duty to supervise, train, and/or monitor their agent, servant and/or employee while he was working on their behalf.~~

14. ~~On or about January 3, 2022 through January 5, 2022, CHRISTOPHER HARVEY, made sexual and physical contact with the minor plaintiff, **JANE DOE**.~~

15. ~~The negligent sexual and/or physical touching of the minor plaintiff, **JANE DOE**, and her injuries resulting therefrom were caused by the negligence and carelessness of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, its agents, servants and/or employees, in that it:~~

    a. ~~had a duty to confirm its agent, servant and/or employee was following any rule, protocol, and/or procedure about providing ridesharing to minors;~~

    b. ~~had a duty to properly supervise and/or train its agent, servant and/or employee regarding any rule, protocol, and/or procedure about providing ridesharing to minors;~~

3

c.  ~~had a duty to monitor whether or not its agent, servant and/or employee was following established protocols, rules, and/or procedures;~~

d.  ~~had a duty to supervise its drivers, yet failed to do so when it knew or should have known that failing to do so posed a foreseeable risk of harm to others, such as the minor plaintiff,~~ **~~JANE DOE~~**~~;~~

e.  ~~failed to properly supervise and/or train its agent, servant and/or employee, while he was working, even though it knew or should have known that its failure to supervise could cause injury to others, including the minor plaintiff,~~ **~~JANE DOE~~**~~;~~

f.  ~~had a duty to train and/or adequately train its agent, servant, and/or employee, yet failed to do so when it knew or should have known that such failure posed a foreseeable risk of harm to others, such as the minor plaintiff,~~ **~~JANE DOE~~**~~;~~

a.  ~~.~~

b.  ~~knew or should have known that failing to train and/or supervise its agent, servant, and/or employee would pose a foreseeable risk of harm to others~~

g.  ~~, such as the plaintiff, minor~~ **~~JANE DOE~~**~~, when his responsibilities as an agent, servant, and/or employee included interacting with the public, customers, and/or potential customers;~~

h.  ~~knew or should have known that that its driver/s were not following the protocol/rule of disallowing minors to engage in the rideshare without an adult;~~

4

i. failed to have adequate personnel to properly observe, monitor, and/or control the actions of its agents, servants and/or employees;

j. failed to monitor the actions of its agents, servants and/or employees while they were providing services to patrons;

k. failed to implement procedures and/or policies to protect people such as the minor plaintiff, **JANE DOE**; and/or

l. caused, allowed and/or permitted an insufficient supervision of its driver when it knew or should have known that he had a propensity to behave in a dangerous and/or inappropriate manner by allowing minors to engage in ridesharing where he picked a minor up, transported her across state lines and left her with an unauthorized adult male.

16.c. As a result of the failure of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, its agents, servants and/or employees, to properly supervise, train, and/or monitor their agent, servant and/or employee, the minor plaintiff, **JANE DOE,** suffered the injuries, losses and damages as hereinafter set forth, some or all of which may be permanent in nature:

a. Vaginal pain;

b. Mouth; and

c. Pain and suffering, both mental and physical.

5

17. As a result of the negligence of the defendant, **LYFT DRIVES CONNECTICUT, INC.,** the minor plaintiff, **JANE DOE,** was unable and remains unable to participate in and enjoy her usual activities.

**SECOND COUNT:   (JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)**

1-17.   Paragraphs 1 through 17 of the First Count are hereby incorporated and made corresponding paragraphs of this Second Count as if fully set forth herein.

18.    All times mentioned herein, the plaintiff, **JOAN DOE,** was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to his daughter's recovery, and may be forced to expend additional sums in the future.

**THIRD COUNT:     (JANE DOE PPA JOAN DOE v. LYFT DRIVES CONNECTICUT, INC. - Negligent Infliction of Emotional Distress)**

1-17.   Paragraphs 1 through 17 of the First Count are hereby incorporated and made corresponding paragraphs of this Third Count as if fully set forth herein.

18.    The defendant, **LYFT DRIVES CONNECTICUT, INC.,** through its actions and/or the actions of its agents, servants or employees above knew or should have known that its actions would create an unreasonable risk of causing emotional harm or distress, or other bodily injury, to the minor plaintiff, **JANE DOE.**

6

19.    The defendant, **LYFT DRIVES CONNECTICUT, INC.,** by its failure to properly train, supervise, and/or monitor knew or should have known that its actions would create an unreasonable risk of causing emotional harm or distress, or other bodily injury to the minor plaintiff, **JANE DOE.**

**FOURTH COUNT:   (JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)**

1-19.    Paragraphs 1 through 19 of the Third Count are hereby incorporated and made corresponding paragraphs of this Fourth Count as if fully set forth herein.

20.    All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to his daughter's recovery, and may be forced to expend additional sums in the future.

**FIFTH COUNT:    (JANE DOE PPA JOAN DOE v. LYFT DRIVES CONNECTICUT, INC. - Negligent Hiring/Retention)**

1.    The minor plaintiff, **JANE DOE**, brings this action by and through her mother and next friend, JOAN DOE.

7

2.  At all times mentioned herein, the defendant **LYFT DRIVES CONNECTICUT, INC.,** was and is a company transacting business in the State of Connecticut.

3.  At all times mentioned herein, the defendant, **LYFT DRIVES CONNECTICUT, INC.,** its agents, servants and/or employees engaged in the business of ridesharing.

4.  On or about January 3, 2022, an agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.,** picked up the minor plaintiff, **JANE DOE.**

5.  The minor plaintiff, **JANE DOE,** was picked up by the defendant, **LYFT DRIVES CONNECTICUT, INC.'s,** agent, servant and/or employee on a street corner away from her home.

6.  The minor plaintiff, **JANE DOE,** was wearing pajama pants, a hoodie, and had a bookbag with her.

7.  The minor plaintiff, **JANE DOE,** entered in the agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.'s,** vehicle.

8.  An agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.,** transported the minor plaintiff, **JANE DOE,** across state lines into New York.

8

9.     An agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, delivered the minor plaintiff, **JANE DOE**, to CHRISTOPHER HARVEY.

10.     CHRISTOPHER HARVEY did not have permission or authority to be with the minor plaintiff, **JANE DOE**.

11.     The agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, was operating within the scope of his employment and/or agency

12.     The agent, servant and/or employee of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, was operating under its supervision, control, and/or direction.

13.     The defendant, **LYFT DRIVES CONNECTICUT, INC.**, its agents, servants and/or employees, had a duty to supervise, train, and/or monitor their agent, servant and/or employee while he was working on their behalf.

14.     On or about January 3, 2022 through January 5, 2022, CHRISTOPHER HARVEY, made sexual and physical contact with the minor plaintiff, **JANE DOE**.

15.     The negligent sexual and/or physical touching of the minor plaintiff, **JANE DOE**, and her injuries resulting therefrom were caused by the negligence and carelessness of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, its agents, servants and/or employees, in that they:

9

a. ~~Knew or should have known that the driver had a tendency to not follow rules, protocols, and/or procedures about providing ridesharing to minors;~~

b. ~~knew or should have known that the driver behaved in a negligent manner around the public, customers, and/or potential customers, yet failed to take actions to address this behavior;~~

c. ~~knew or should have known that the driver was unfit to work as a rideshare driver, yet failed to address this; and/or~~

d. ~~knew or should have known of the background of the driver and yet hired him when they knew or should have known that hiring him risked the health and safety of the public, customers, and/or potential customers, including the minor plaintiff, **JANE DOE**.~~

~~16.   As a result of the carelessness and negligence of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, its agents, servants and/or employees, the minor plaintiff, **JANE DOE**, suffered the injuries, losses and damages as hereinafter set forth, some or all of which may be permanent in nature:~~

a. ~~Vaginal pain;~~

b. ~~Mouth pain; and~~

c. ~~Pain and suffering, both mental and physical.~~

10

17.   As a result of the negligence of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, the minor plaintiff, **JANE DOE**, has been and will be in the future prevented from enjoying and participating in the normal activities that she enjoyed prior to the incident.

**SIXTH COUNT:      (JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)**

1-17.   Paragraphs 1 through 13 of the Fifth Count are hereby incorporated and made corresponding paragraphs of this Sixth Count as if fully set forth herein.

18.   All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to her daughter's recovery, and may be forced to expend additional sums in the future.

**SEVENTH COUNT:**
**(JANE DOE PPA JOAN DOE v. LYFT DRIVES CONNECTICUT, INC. –**
**Negligent Infliction of Emotional Distress)**

1-17.   Paragraphs 1 through 17 of the Fifth Count are hereby incorporated and made corresponding paragraphs of this Seventh Count as if fully set forth herein.

11

18. The defendant, **LYFT DRIVES CONNECTICUT, INC.**, through its actions and/or the actions of its agents, servants or employees above knew or should have known that its actions would create an unreasonable risk of causing emotional harm or distress, or other bodily injury, to the minor plaintiff, **JANE DOE**.

19. The defendant, **LYFT DRIVES CONNECTICUT, INC.**, by its hiring and/or retention of its driver, knew or should have known that his actions would create an unreasonable risk of causing emotional harm or distress, or other bodily injury, to the minor plaintiff, **JANE DOE**.

**EIGHTH COUNT:   (JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)**

1-19. Paragraphs 1 through 19 of the Seventh Count are hereby incorporated and made corresponding paragraphs of this Eighth Count as if fully set forth herein.

20. All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to her daughter's recovery, and may be forced to expend additional sums in the future.

**NINTH COUNT:     (JOAN DOE V. LYFT DRIVES CONNECTICUT, INC.)**
                **(Filial Consortium)**

1-17. Paragraphs 1 through 17 of the First Count are hereby incorporated and made corresponding paragraphs of this Ninth Count as if fully set forth herein.

12

18.   At all relevant times, the plaintiff, **JOAN DOE**, was the lawful mother of the minor plaintiff, **JANE DOE**.

19.   As a result of the conduct of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, the plaintiff, **JOAN DOE**, has suffered a loss of affection, companionship, society and consortium of **JANE DOE**.

**TENTH COUNT:      (JOHN DOE V. LYFT DRIVES CONNECTICUT, INC.)**
**(Filial Consortium)**

1-17.   Paragraphs 1 through 17 of the First Count are hereby incorporated and made corresponding paragraphs of this Tenth Count as if fully set forth herein.

18.   At all relevant times, the plaintiff, **JOHN DOE**, was the lawful father of the minor plaintiff, **JANE DOE**.

19.   As a result of the conduct of the defendant, **LYFT DRIVES CONNECTICUT, INC.**, the plaintiff, **JOHN DOE**, has suffered a loss of affection, companionship, society and consortium of **JANE DOE**

**AMENDED COMPLAINT**

13

**FIRST COUNT:(JANE DOE PPA JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.) (Vicarious liability)**

1.      The minor plaintiff, **JANE DOE**, brings this action by and through her mother and next friend, **JOAN DOE.**

2.      At all relevant times mentioned herein, the defendant, **LYFT DRIVES CONNECTICUT, INC., (**hereinafter **"LYFT")** was and is a foreign corporation incorporated in the state of Delaware with its principal place of business in California and duly authorized to transact business in the state of Connecticut

3.      At all relevant times mentioned herein defendant **LYFT** transacted business in the state of Connecticut.

4.      At all relevant times herein defendant **LYFT,** by and through its agents, servants and/or employee Lyft drivers provided on demand ride-hailing and ride-sharing services and other transportation services in the state of Connecticut for a fare.

5.      At all relevant times herein to utilize the defendant **LYFT'**s ride-hailing or ride-sharing services a Lyft customer used the defendant **LYFT's** smartphone application to request a ride and the Lyft smartphone application communicated with a Lyft driver who then picked up the customer in a vehicle that was identified as defendant **LYFT's** vehicle and then drove the customer to the passenger's destination.

14

6.      At all relevant times herein defendant after a customer reached his/her destination the defendant **LYFT** received a credit card payment from the customer/passenger for the entirety of the fare via its Lyft smartphone application and retained a portion of the fare then remitted a percentage of the fare to the Lyft driver who transported the customer.

7.      At all relevant times herein defendant **LYFT** (a)set the rates that Lyft drivers could charge customers, (b) determined the portion of the payment to be remitted to the Lyft drivers as compensation for their services, (c) required Lyft drivers to use the Lyft smartphone application for ride-hailing and ride-sharing, (d) identified the vehicles operated by Lyft drivers as **LYFT** vehicles when a customer accessed the Lyft smartphone application.

8.    At all relevant times herein the defendant **LYFT** its agents, servants and/or employees represented to the public on its website at https://www.lyft.com/safety that they would look out for your safety, had "High safety standards" and "Proactive safety support."

9.      At all relevant times herein the defendant **LYFT** had Community Guidelines for its Lyft drivers which included an age requirement that stated that stated

15

children seventeen or under were not permitted to ride without being accompanied by an adult.

10.    At all relevant times herein defendant **LYFT** held itself out as a common carrier representing to the public its high safety standards and its agents, servants and/or employees were charged with exercising the highest degree of care when providing ride-hailing and ride-sharing services and other transportation services to the public.

11.    Upon information and belief on or about January 3, 2022, the defendant CHRISTOPHER HARVEY used the defendant **LYFT**'s smartphone application to request a ride-hail for the minor plaintiff **JANE DOE**.

12.    On or about January 3, 2022, the defendant **LYFT**'s agent, servant and/or employee picked up the minor plaintiff **JANE DOE** who was only fourteen years old on a street corner in Enfield Connecticut.

13.    On or about January 3, 2022, when defendant **LYFT's** agent, servant and/or employee arrived in his LYFT vehicle to pick up the minor plaintiff, **JANE DOE,** age fourteen on a street corner in Enfield Connecticut she was wearing pajama pants, a hoodie, and carrying a bookbag with her.

14.    Upon information and belief, the defendant CHRISTOPHER HARVEY used the defendant **LYFT's** smartphone application to request that the defendant **LYFT's** agent,

16

servant and/or employee drive the minor plaintiff **JANE DOE** from Enfield, Connecticut to a location in New York City about 150 miles away.

15.     On or about January 3, 2022, the defendant **LYFT's** agent, servant, and/or employee permitted the minor plaintiff **JANE DOE** to enter his Lyft vehicle to be transported without being accompanied by an adult even though he knew or should have known she was a minor.

16.     On or about January 3, 2022, the defendant, **LYFT's** agent, servant and/or employee took immediate custody and control of the minor plaintiff, **JANE DOE**, and transported her across state lines from Connecticut to New York City.

17.     On or about said date the defendant **LYFT's** agent, servant and/or employee transported the minor plaintiff **JANE DOE** to New York City and delivered her to the defendant CHRISTOPHER HARVEY.

18.     At all relevant times herein the defendant CHRISTOPHER HARVEY did not have permission or authority to be with the minor plaintiff, **JANE DOE.**

19.     At all relevant times herein defendant **LYFT's** agent, servant and/or employee who transported the minor plaintiff **JANE DOE** was acting and operating within the scope of his agency with the defendant **LYFT.**

20.     On or about January 3, 2022, and continuing to or about January 5, 2022,

17

Defendant CHRISTOPHER HARVEY engaged in unlawful sexual and physical contact with the minor plaintiff, **JANE DOE**.

21.    At all relevant times mentioned the minor plaintiff **JANE DOE** suffered injuries and damages as described in greater detail herein.

22.    At all relevant times mentioned herein the minor plaintiff **JANE DOE'S** injuries were caused by the negligence and carelessness of the defendant, **LYFT** by and through its agent, servant and/or employee **LYFT** driver in that:

    a.   He failed to request identification from the minor plaintiff;

    b.   He failed to refuse to provide transportation to the minor plaintiff;

    c.   He failed to abide by official guidelines, rules and/or policies;

    d.   He failed to call defendant LYFT's critical response line;

    e.   He failed to contact the proper authorities;

    f.    He observed that the minor plaintiff was wearing pajamas, a hoodie and carrying a bookbag but failed to make any reasonable inquiry of the minor plaintiff to determine if she was underage;

    g.    He failed to take any reasonable measures to determine the minor plaintiff's age;

    h.    He failed to keep the minor plaintiff safe;

    i.    He took custody of the minor plaintiff by allowing her into his Lyft vehicle but failed to reasonably and adequately protect her from harm;

18

  j. He transported an unaccompanied minor across state lines;

  k. He failed to properly assess the user/customer who requested the ride-hail for the minor plaintiff;

  l. He violated Lyft's age requirement community guidelines;

  m. He violated Lyft's safety policies, procedures, and guidelines;

  n. He knew or should have known that the plaintiff was a minor but failed to ensure the minor's safety once in his custody and control.

  o. He violated the rules, regulations, and laws applicable to ride-hail drivers.

  23. As a result of the negligence and carelessness of the defendant, **LYFT's** agent, servant and/or employee, the minor plaintiff, **JANE DOE,** suffered the injuries, losses and damages as hereinafter set forth, some or all of which may be permanent in nature:

  a. Nightmares;

  b. Sleep paralysis;

  c. Intense fear;

  d. Anxiety;

  e. Depression;

  f. Self-harm;

  g. Post traumatic stress disorder;

  h. Permanent emotional trauma;

i.   Vaginal pain;

j.   Pain and suffering.

24.     As a further result of the negligence of the defendant, **LYFT** 's agent, servant and/or employee, the minor plaintiff, **JANE DOE**, was unable and remains unable to participate in and enjoy her life's activities.

**SECOND COUNT:   (JOAN DOE V. LYFT DRIVES CONNECTICUT, INC.)**
                      **(Filial Consortium)**

1-24.   Paragraphs 1 through 24 of the First Count are hereby incorporated and made paragraphs 1 through 24 of this Second Count as if fully set forth herein.

25.     At all relevant times, the plaintiff, **JOAN DOE**, was the lawful mother of the minor plaintiff, **JANE DOE**.

26.     As a result of the aforementioned conduct of the defendant, **LYFT,** by and through its agent, servant and/or employee the plaintiff, **JOAN DOE,** has suffered a loss of affection, companionship, society, and consortium of the minor plaintiff **JANE DOE**.

**THIRD COUNT:     (JOHN DOE V. LYFT DRIVES CONNECTICUT, INC.)**
                      **(Filial Consortium)**

1-24.   Paragraphs 1 through 24 of the First Count are hereby incorporated and made paragraphs 1 through 24 of this Third Count as if fully set forth herein.

25.     At all relevant times, the plaintiff, **JOHN DOE**, was the lawful father of the minor plaintiff, **JANE DOE**.

20

26.     As a result of the conduct of the defendant, **LYFT** by and through its agent, servant and/or employee the plaintiff, **JOHN DOE,** has suffered a loss of affection, companionship, society, and consortium of the minor plaintiff **JANE DOE.**

**FOURTH COUNT:  (JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)**
                    **(Medical Expenses)**

1-24.    Paragraphs 1 through 24 of the First Count are hereby incorporated and made paragraphs 1 through 24 of this Fourth Count as if fully set forth herein.

25.     All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests, and therapy, all necessary to her daughter minor plaintiff **JANE DOE's** recovery and may be forced to expend additional sums in the future.

**FIFTH COUNT: (JANE DOE PPA JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)   (Negligent Infliction of Emotional Distress)**

1-24.    Paragraphs 1 through 24 of the First Count are hereby incorporated and made paragraphs 1 through 24 of this Fifth Count as if fully set forth herein.

25.    At all relevant times herein defendant **LYFT's** agent, servant, and/or employee knew or should have known that the minor plaintiff **JANE DOE** was a vulnerable underage minor when he picked her up in  pajamas on a street corner and that his conduct of

21

transporting the unaccompanied minor plaintiff **JANE DOE** only fourteen years old from her home in Enfield Connecticut down to New York City over three hours away across state lines involved an unreasonable risk of causing the vulnerable minor plaintiff **JANE DOE** to feel fear, anxiety and emotional distress which if caused might result in illness.

**SIXTH COUNT: (JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)**
**(Medical Expenses)**

1-25.    Paragraphs 1 through 25 of the Fifth Count are hereby incorporated and made paragraphs 1 through 25 of this Sixth Count as if fully set forth herein.

26.      All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to his daughter's recovery, and may be forced to expend additional sums in the future as a direct result of the defendant **LYFT's** agent, servant, and/or employee's negligent infliction of emotional distress upon her daughter minor plaintiff, **JANE DOE**.

22

**SEVENTH** ~~ELEVENTH~~ **COUNT:**
**(JANE DOE PPA JOHN DOE v. CHRISTOPHER HARVEY – Negligence)**

1.      The minor plaintiff, **JANE DOE**, brings this action by and through her mother and next friend, JOAN DOE.

> **Formatted:** Font: Bold

2.   On or about January 3, 2022, the defendant LYFT's agent, servant and/or employee transported the minor plaintiff JANE DOE to New York City and delivered her there to the defendant **CHRISTOPHER HARVEY** who did not have any permission and authority to be with the minor plaintiff JANE DOE.

~~1.~~     **3.** On or about January 3, 2022, through January 5, 2022, the defendant, **CHRISTOPHER HARVEY** unlawfully kept the minor plaintiff **JANE DOE** at his residence in New York City.

> **Formatted:** No bullets or numbering

~~2.       On or about January 3, 2022 through January 5, 2022, the minor plaintiff, **JANE DOE**, was at the defendant, **CHRISTOPHER HARVEY's**, residence unlawfully.~~

~~3.~~     4 On or about January 3, 2022 through January 5, 2022, **CHRISTOPHER HARVEY**, made unwanted and/or unwarranted sexual and physical contact with the minor plaintiff, **JANE DOE**.

> **Formatted:** Indent: Left: 0.44", No bullets or numbering

4.    5 The negligent sexual and/or physical touching of the minor plaintiff, **JANE DOE**, and her injuries resulting therefrom were caused by the defendant, **CHRISTOPHER HARVEY**, in that:

    a.    He made unwelcome physical and/or sexual advances toward the minor plaintiff, **JANE DOE**;

    b.    He made unwelcome physical and/or sexual contact with the minor plaintiff, **JANE DOE**;

    c.    He placed his genitals in the minor plaintiff, **JANE DOE**'s mouth; and/or

    d.    He placed his genitals in the minor plaintiff, **JANE DOE**'s vagina and/or vaginal area.

6 As a result of negligence of the defendant, **CHRISTOPHER HARVEY**, the minor plaintiff, **JANE DOE,** suffered the following injuries, some or all of which may be permanent in nature:

a. Nightmares;

b. Sleep paralysis;

c. Intense fear;

d. Anxiety;

e. Depression;

f. Post traumatic stress disorder;

24

g. Permanent emotional trauma;

h. Vaginal pain;

i. Pain and suffering.

~~5.~~

~~6.~~3.

~~7.~~4.   7 As a result of the negligence of the defendant, **CHRISTOPHER HARVEY**, the minor plaintiff, **JANE DOE**, was unable and remains unable to participate in and enjoy her usual activities.

**EIGHTH~~TWELFTH~~ COUNT:**      (JOAN DOE v. CHRISTOPHER HARVEY)
   **Medical Expenses**
   1-7~~6~~.   Paragraphs 1 through 7~~6~~ of the Seventh ~~Eleventh~~ Count are hereby incorp**orated**~~erated  and  and~~ made ~~corresponding~~ paragraphs  1  through  7 of this Eighth\~~Twelfth~~ Count as if fully set forth herein.

~~8.~~   8.All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to her daughter's recovery, and may be forced to expend additional sums in the future.

**NINTH~~THIRTEENTH~~ COUNT:**
**(JANE DOE PPA JOAN DOE v. CHRISTOPHER HARVEY)**
**(Negligent Infliction of Emotional Distress)**

1-7~~6~~.    Paragraphs 1 through 7~~6~~ of the ~~Eleventh~~ Seventh Count are hereby incorporated and made ~~corresponding~~ paragraphs 1 through 7 of this Ninth~~Thirteenth~~ Count as if fully set forth herein.

8~~7~~.    The defendant, **CHRISTOPHER HARVEY**, knew or should have known that his actions would create an unreasonable risk of causing emotional harm or distress, or other bodily injury, to the minor plaintiff, **JANE DOE**.

**TENTH
~~FOURTEENTH~~ COUNT:**   **(JOAN DOE V. CHRISTOPHER HARVEY)**
                                        **(Filial Consortium)**

1-7~~6~~.    Paragraphs 1 through 7~~6~~ of the Seventh~~Eleventh~~ Count are hereby incorporated and made ~~corresponding~~ paragraphs 1 through 7 of this Tenth~~Fourteenth~~ Count as if fully set forth herein.

8~~7~~.    At all relevant times, the plaintiff, **JOAN DOE**, was the lawful mother of the minor plaintiff, **JANE DOE**.

9~~8~~.    As a result of the conduct of the defendant, **CHRISTOPHER HARVEY,** the plaintiff, **JOAN DOE,** has suffered a loss of affection, companionship, society and consortium of the minor plaintiff **JANE DOE**.

**ELEVENTH~~FIFTEENTH~~ COUNT:** **(JOHN DOE V. CHRISTOPHER HARVEY)**

**(Filial Consortium)**

1-7~~6~~.   Paragraphs 1 through 6 of the Seventh ~~Eleventh~~ Count are hereby incorporated and made ~~corresponding~~ paragraphs 1 through 7 of this Eleventh ~~Fifteenth~~ Count as if fully set forth herein.

8~~7~~.   At all relevant times, the plaintiff, **JOHN DOE**, was the lawful father of the minor plaintiff, **JANE DOE**.

9~~8~~.   As a result of the conduct of the defendant, **CHRISTOPHER HARVEY,** the plaintiff, **JOHN DOE,** has suffered a loss of affection, companionship, society and consortium of **JANE DOE**

27

### PRAYER FOR RELIEF

*WHEREFORE*, the plaintiffs, JANE DOE PPA JOAN DOE, JOAN DOE AND JOHN DOE respectfully requests judgment as follows:

1. Monetary and/or compensatory damages on all counts of the Amended Complaint

WHEREFORE, the plaintiffs claim money damages.

28

THE PLAINTIFFS,
JANE DOE PPA JOAN DOE, JOAN DOE AND
JOHN DOE


By_____
      Garrett M. Moore, Sr., Esq.
      Moore, O'Brien & Foti
      891 Straits Turnpike
      Middlebury, CT 06762
      Phone: (203) 272-5881
      Juris No.: 408519
      Their Attorneys

**Formatted:** Indent: First line:  0"

29

**RETURN DATE: May 2, 2023**        :      **SUPERIOR COURT**

**JANE DOE PPA JOAN DOE, ET AL.**     :      **J. D. OF HARTFORD**

**V.**                                        :      **AT HARTFORD**

**LYFT DRIVES CONNECTICUT, INC.**     :      **MARCH 23, 2023**

<u>**STATEMENT OF AMOUNT IN DEMAND**</u>

       The amount of money damages claimed is greater than Fifteen Thousand Dollars

($15,000.00), exclusive of interest and costs.

                              THE PLAINTIFFS,
                              JANE DOE, PPA JOAN DOE, JOAN DOE and
                              JOHN DOE


     By _____
                  Garrett M. Moore, Sr., Esq.
                  Moore, O'Brien & Foti
                  891 Straits Turnpike
                  Middlebury, CT 06762
                  Phone: (203) 272-5881
                  Juris No.: 408519
                  Their Attorneys