**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DOE ET AL,
     *Plaintiffs*,

    v.

LYFT DRIVES CONNECTICUT, INC. ET
AL,
     *Defendants*.

No. 3:23-cv-00533 (VAB)

**RULING AND ORDER ON MOTION TO AMEND AND MOTION TO DISMISS**

On March 23, 2023, the minor Plaintiff, Jane Doe, filed a civil complaint in Connecticut

Superior Court by and through her mother and next friend, Joan Doe, along with Jane Doe's

father, John Doe (collectively, "Plaintiffs"), against Lyft Drives Connecticut, Inc ("Lyft") and

Christopher Harvey (collectively, "Defendants"), alleging negligence, negligent supervision and

training, negligent infliction of emotional distress, negligent hiring and retention, and loss of

filial consortium. Compl., ECF No. 1-1 (Apr. 26, 2023) ("Compl.").

Lyft has moved to dismiss the Complaint. Mot. to Dismiss, ECF No. 13 (May 17, 2023)

("Mot. to Dismiss"). Subsequently, Plaintiffs moved to amend the Complaint. Mot. to Amend,

ECF No. 19 (Jun. 15, 2023) ("Mot. to Amend").

For the following reasons, the Court **GRANTS** Plaintiffs' motion to amend. As to the

filial consortium claim, the Court **DENIES** Lyft's motion to dismiss without prejudice to

renewal upon the resolution of the certified question in *L. L. v. Newell Brands Inc*. As to the

remaining claims, the Court **DENIES as moot** Lyft's motion to dismiss.

Plaintiffs shall effect service of process on and file proof of service of the Amended

Complaint as to Mr. Harvey by **March 29, 2024**.

# I.    FACTUAL AND PROCEDURAL BACKGROUND

## A.    Factual Allegations

On or about January 3, 2022, an alleged agent of Lyft picked up the minor plaintiff, Jane

Doe, on a street corner wearing pajama pants, a hoodie, and a bookbag. Compl. ¶¶ 4–6. Lyft's

agent then transported Jane Doe across state lines to Mr. Harvey in New York. Compl. ¶¶ 8–9.

On or about January 3, 2022, through January 5, 2022, Mr. Harvey allegedly made

unwanted and/or unwarranted sexual and physical contact with Jane Doe. *Id*. at 13 ¶ 3.

As a result, Jane Doe alleges pain and suffering, both mental and physical. *Id*. ¶ 16.

## B.    Procedural Posture

On March 23, 2023, Plaintiffs filed their Complaint in Connecticut Superior Court.

Compl.

On April 26, 2023, Lyft removed the action to this Court based on diversity jurisdiction.

Not. of Removal ¶ 5, ECF No. 1 (Apr. 26, 2023) ("Not. of Removal"). Lyft did not obtain

consent for removal from Mr. Harvey, claiming that he was not yet properly served with the

Summons and Complaint. *Id*. ¶ 3.

Also on April 26, 2023, the Court adopted an initial pretrial schedule, setting the deadline

for amended pleadings for June 25, 2023; the close of discovery for October 26, 2023; and the

deadline for dispositive motions for November 30, 2023. Scheduling Order, ECF No. 6 (Apr. 26,

2023) ("Initial Scheduling Order").

On May 17, 2023, Lyft filed its motion to dismiss. Mot. to Dismiss.

On June 15, 2023, Plaintiffs filed their motion for leave to amend their Complaint and an

objection to Lyft's motion to dismiss. Mot. to Amend; Pls.' Obj. to Mot. to Dismiss, ECF No. 20

(Jun. 15, 2023); Pls.' Mem. in Opp'n to Mot. to Dismiss, ECF No. 21 (Jun. 15, 2023) ("Opp'n to Mot. to Dismiss").

On June 29, 2023, Lyft filed a memorandum in support of its motion to dismiss and a memorandum in opposition to Plaintiffs' motion to amend, which are identical documents. Mem. in Supp. of Mot. to Dismiss, ECF No. 22 (Jun. 29, 2023); Mem. in Opp'n to Mot. to Amend, ECF No. 23 (Jun. 29, 2023) ("Opp'n to Mot. to Amend").

On July 7, 2023, the parties filed their joint Rule 26(f) report. Rule 26(f) Report, ECF No. 24 (Jul.7, 2023).

On July 10, 2023, the Court entered a scheduling order based on the parties' Rule 26(f) report. Scheduling Order, ECF No. 25 (Jul. 10, 2023) ("Scheduling Order").

On July 13, 2023, Plaintiffs filed a reply to Lyft's memorandum in opposition to the motion to amend. Reply in Supp. of Mot. to Amend, ECF No. 27 (Jul. 13, 2023) ("Reply").

## II.    STANDARD OF REVIEW

### A.  Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that a party may either amend once as a matter of course within twenty-one days of service or the earlier of twenty-one days after service of a required responsive pleading or motion under Rule 12(b), (e) or (f). Fed. R. Civ. P. 15(a)(1). Once that time has elapsed, a party may move for leave to file an amended complaint. Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." *Id*.

The decision to grant leave to amend under Fed. R. Civ. P. 15 is within the discretion of the court, but the court must give some "justifying reason" for denying leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend include "undue delay, bad faith

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc[.]" *Id.*; *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)").

"While the party seeking to amend its pleading must explain any delay, the party opposing the amendment 'bears the burden of showing prejudice, bad faith, and futility of the amendment.'" *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 285 F. Supp. 3d 759, 766 (S.D.N.Y. 2018) (quoting *Grant v. Citibank (S.D.), N.A.*, No. 10 Civ. 2955 (KNF), 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010)).

### B.  Motion to Dismiss

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a

complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## III.   DISCUSSION

Plaintiffs seek to amend their Complaint to (1) withdraw their claims of negligent supervision, training, hiring, and retention; (2) add a vicarious liability claim; (3) more fully

plead their negligent infliction of emotional distress claims; and (4) re-allege their loss of filial consortium claim as derivative of their vicarious liability claim. Mot. to Amend ¶¶ 8, 10–11.

Lyft argues that Plaintiffs' proposed Amended Complaint is untimely and they cannot establish the good cause required for a court to accept an untimely amended complaint. Opp'n to Mot. to Amend at 11–13. Lyft also argues that Plaintiffs' proposed Amended Complaint fails to state a claim upon which relief can be granted, and thus is futile. *Id*. at 13–21.

The Court addresses each argument in turn.

### A. Timeliness

"[I]f leave to amend is sought after the deadline imposed by the court's scheduling order, Federal Rule 15's permissive, "freely give[n]" standard governing amendments gives way to Federal Rule 16's more onerous "good cause" standard to modify a scheduling order. *Wynne v. Town of E. Hartford*, No. 3:20-CV-001834 (JCH), 2022 WL 12347275, at *1 (D. Conn. Oct. 21, 2022) (citing *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021)). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

Lyft argues that Plaintiffs are required to—and cannot—establish good cause because they did not amend their Complaint by the deadline imposed by the Court's scheduling order, as Plaintiffs only filed leave to amend their Complaint, rather than filing their proposed Amended Complaint. Opp'n to Mot. to Amend at 10, 12.

In response, Plaintiffs argue that they filed their motion for leave to amend as a matter of right, and thus their proposed Amended Complaint is the operative complaint. Reply at 2. Plaintiffs also argue that, by filing the motion to amend by the deadline imposed by the Court's scheduling order, their motion was timely. *Id*.

The Court agrees.

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend once as a matter of course by the earlier of twenty-one days after service of a required responsive pleading or motion under Rule 12(b). Lyft filed its motion to dismiss on May 17, 2023, *see* Mot. to Dismiss, and thus Plaintiffs had until June 7, 2023, to amend their Complaint as of right. Plaintiffs, however, filed two motions for extension of time to file an opposition memorandum to Lyft's motion to dismiss, which extended their deadline to June 15, 2023. Mots. for Extension, ECF Nos. 15, 17 (Jun. 2, 2023; Jun. 14, 2023) ("Mots. for Extension").

Courts in this District have construed motions for extension of time to respond to a motion to dismiss as motions for extension of time to file an amended complaint "as a matter of course." *See Alston v. Sharpe*, No. 3:13-CV-0001 (CSH), 2015 WL 4715340, at *3 (D. Conn. Aug. 7, 2015) ("Construing . . . Plaintiff's motion for extension of time to respond to defendants' motion to dismiss, as motion for extension of time to file an amended complaint 'as a matter of course,' the Court will grant Plaintiff's motion to amend the complaint, and will view Plaintiff's 'Third Amended Complaint' as the operative complaint in this action."); *see also Rizvi v. Urstadt Biddle Properties Inc.*, No. 3:17-CV-01410 (VAB), 2018 WL 460975, at *4 (D. Conn. Jan. 17, 2018) ("[T]he Court holds that Plaintiffs moved for an extension of time and the Court's granting of that motion extended the time for the filing of an amended complaint as of right.").

Here, however, Plaintiffs specifically requested additional time to file an opposition memorandum, rather than broadly requesting additional time to respond to Lyft's motion to dismiss. Mots. for Extension. The Court, however, need not consider whether it would construe this motion broadly as a request for an extension of time to respond to the motion to dismiss because the motion for leave to amend still was filed before the deadline imposed by the initial

scheduling order,[1] *see* Initial Scheduling Order ("Amended Pleadings due by 6/25/2023 . . . ."), meaning that the Court "should freely give leave when justice so requires."[2] Fed. R. Civ. P. 15(a)(2).

In the Second Circuit, this standard means that "[a] motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" *Potts v. Cur-Tech LLC*, No. 3:09-CV-65 (JBA), 2009 WL 3418225, at *1 (D. Conn. Oct. 16, 2009) (quoting *Richardson Greenshields Secs., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (citations omitted)).

Thus, the Court turns to Lyft's argument as to the futility of the amended complaint.

**B. Futility**

"Proposed amendments are futile," and thus must be denied, "if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Thea v. Kleinhandler*, 807 F.3d 492, 496–97 (2d Cir. 2015) (internal quotation marks and citation omitted).

*1. Vicarious Liability*

"[T]o hold an employer liable for the intentional torts of his employee, the employee must be acting within the scope of his employment and in furtherance of the employer's business. *Cornelius v. Dep't of Banking*, 893 A.2d 472, 478 (Conn. App. 2006). And "[t]his principle applies whether the plaintiff asserts either willful or negligent tortious conduct." *Absher v. Flexi Int'l Software, Inc.*, No. CIV. 3:02-CV-171 (AHN), 2003 WL 2002778, at *7 (D. Conn.

---

[1] The Court's subsequent scheduling order, based on the parties' Rule 26(f) report, required amended pleadings to be filed "within forty-five (45) days from the date Lyft files its Answer and Affirmative Defenses." Scheduling Order. Lyft has not yet filed an answer in this case.

[2] Lyft's argument that the more onerous "good cause" standard applies because Plaintiffs timely filed their motion for leave to amend, but not their amended complaint, must fail because Rule 15(a)(2) requires parties to seek the Court's leave. Fed. R. Civ. P. 15(a)(2).

Apr. 10, 2003) (citing *Rappaport v. Rosen Film Delivery Sys., Inc.*, 18 A.2d 362, 363 (Conn. 1941)

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." *Doe v. Saint Francis Hosp. & Med. Ctr.*, 72 A.3d 929, 947 (Conn. 2013) (quoting *Ryan Transportation, Inc. v. M & G Associates*, 832 A.2d 1180, 1184 (2003)).

Lyft argues that Plaintiffs failed to state a claim for vicarious liability because Plaintiffs did not sufficiently plead that the driver was affiliated with Lyft, that the driver knew or should have known that Jane Doe was a minor, that the driver was acting within the scope of any alleged employment with Lyft, or that the driver proximately caused Jane Doe's alleged injury. Opp'n to Mot. to Amend at 14–19.

In response, Plaintiffs argue that the proposed Amended Complaint sufficiently sets forth the facts to sustain a negligence claim based on Lyft's vicarious liability for the acts or omissions of its driver. Reply at 3–4.

The Court agrees.

"The *Twombly* plausibility standard . . . does not prevent a plaintiff from 'pleading facts alleged "upon information and belief"' where the facts are peculiarly within the possession and control of the defendant . . . ." *Arista Recs., LLC*, 604 F.3d at 120 (citing *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008)); *Citizens United v. Schneiderman*, 882 F.3d 374, 384-85 (2d Cir. 2018) (same). In their proposed Amended Complaint, Plaintiffs allege that "[u]pon information and belief, on or about January 3, 2022, the defendant, **CHRISTOPHER HARVEY**, used the defendant **LYFT**'s smartphone application to request a ride-hail for the minor plaintiff, **JANE DOE**." Mot. to Amend, Am. Compl. ¶ 11 (emphasis in original). Defendants argue that this

allegation, however, is insufficient to establish that Mr. Harvey called the ride for Jane Doe through "the Lyft App, rather than through another ridesharing company like Uber or Via." Opp'n to Mot. to Amend at 14. But Defendants are presumably within possession of the record of Jane Doe's ride with Lyft, and thus *Twombly* does not prevent Plaintiffs from alleging that Mr. Harvey used Lyft "upon information and belief."

Plaintiffs also allege in their proposed Amended Complaint that "when defendant, **LYFT**'s agent, servant, and/or employee arrived in his **LYFT** vehicle to pick up the minor plaintiff, **JANE DOE**, age fourteen, on a street corner in Enfield, Connecticut. She was wearing pajama pants, a hoodie, and carrying a bookbag with her." Mot. to Amend, Am. Compl. ¶ 13 (emphasis in original). Plaintiffs also allege that "the defendant, **LYFT**'s agent, servant, and/or employee permitted the minor plaintiff, **JANE DOE**, to enter his Lyft vehicle to be transported without being accompanied by an adult even though he knew, or should have known, she was a minor." *Id*. ¶ 15 (emphasis in original). Lyft argues that these allegations are not enough to sufficiently plead that the driver knew or should have known that Jane Doe was a minor. Opp'n to Mot. to Dismiss at 15.

Yet, the standard for establishing a legal duty of care requires Plaintiffs to allege that "an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result . . . ." *Doe v. Saint Francis Hosp. & Med. Ctr.*, 72 A.3d 929, 947 (Conn. 2013). Lyft's argument that individuals over the age of eighteen wear pajama pants, hoodies, and bookbags does not defeat the plausibility of the allegations contained in the proposed Amended Complaint, as the facts pled could support a reasonable inference that the driver knew or should have known that Jane Doe was a minor, and thus creating a legal duty on the driver's part. *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 663 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007))); *see also Doe*, 72 A.3d at 948 ("An exception to the general rule that one has no legal obligation to protect another may arise when the defendant's own conduct creates or increases the foreseeable risk that such other person will be harmed by the conduct of a third party, including the foreseeable criminal conduct of that third party.").

Plaintiffs also allege in their proposed Amended Complaint that the "defendant, **LYFT**'s agent, servant, and/or employee who transported the minor plaintiff, **JANE DOE**, was acting and operating within the scope of his agency with the defendant, **LYFT**." Mot. to Amend, Am. Compl. ¶ 19 (emphasis in original). Lyft argues that this is insufficient to state a claim for vicarious liability because, by Plaintiffs' own admission, the driver that transported Jane Doe disregarded Lyft's rules. Opp'n to Mot. to Amend at 16 (citing *Karlen v. Uber Techs., Inc.*, No. 3:21-CV-835 (VAB), 2022 WL 3704195, at *3 (D. Conn. Aug. 27, 2022) ("The vital inquiry . . . is whether the servant on the occasion in question was engaged in a disobedient or unfaithful conducting of the master's business, or was engaged in an abandonment of the master's business." (quoting *A-G Foods, Inc. v. Pepperidge Farm, Inc.*, 579 A.2d 69, 74 (Conn. 1990))).

*Karlen*, however, is inapposite as the Court there specified that "[p]hysical assault and threatening behavior . . . are considered an abandonment of the employer's business[,]" and no similar abandonment is alleged to have occurred here. *Cf. Fiano v. Old Saybrook Fire Co. No. 1, Inc.*, 209 A.3d 629, 635 (Conn. 2019) ("Unless [the employee] was actuated at least in part by a

purpose to serve a principal, the principal is not liable." (citations and internal quotation marks omitted) (quoting *A-G Foods, Inc.*, 579 A.2d at 74)).[3]

Here, Plaintiffs have sufficiently alleged that the driver was acting and operating within the scope of his agency with Lyft when he "permitted the minor plaintiff, **JANE DOE**, to enter his Lyft vehicle . . . [and] transported the minor plaintiff, **JANE DOE**, to New York City and delivered her to the defendant, **CHRISTOPHER HARVEY**." Mot. to Amend, Am. Compl. ¶¶ 15, 17 (emphasis in original).

Lyft also argues that this fails to state a vicarious liability claim because Plaintiffs cannot establish that the driver's alleged negligence was the proximate cause of Jane Doe's harm. Opp'n to Mot. to Amend at 17. But, in their proposed Amended Complaint, Plaintiffs alleged the following:

> [T]he minor plaintiff, **JANE DOE'S** injuries were caused by the negligence and carelessness of the defendant, **LYFT** by and through its agent, servant and/or employee **LYFT** driver in that:
> a. He failed to request identification from the minor plaintiff;
> b. He failed to refuse to provide transportation to the minor plaintiff;
> c. He failed to abide by official guidelines, rules and/or policies;
> d. He failed to call defendant LYFT's critical response line;
> e. He failed to contact the proper authorities;
> f. He observed that the minor plaintiff was wearing pajamas, a hoodie and carrying a bookbag but failed to make any reasonable inquiry of the minor plaintiff to determine if she was underage;
> g. He failed to take any reasonable measures to determine the minor plaintiff's age;
> h. He failed to keep the minor plaintiff safe;
> i. He took custody of the minor plaintiff by allowing her into his Lyft vehicle but failed to reasonably and adequately protect her from harm;
> j. He transported an unaccompanied minor across state lines;

---

[3] Given the distinction between this case and *Karlen*, to the extent that the issue of whether the driver actually was acting and operating within the scope of his agency can be resolved without going to a jury, this determination is better addressed at the summary judgment stage and not now, as underscored by the precise procedural posture of the Connecticut Supreme Court's relatively recent ruling in *Fiano*. *See* 209 A.3d at 636 (reviewing "Appellate Court's conclusion that there was no genuine issue of material fact that Smith was not acting within the scope of his employment by the fire company at the time of his accident as a matter of law . . . .").

k. He failed to properly assess the user/customer who requested the
ride-hail for the minor plaintiff;
l. He violated Lyft's age requirement community guidelines;
m. He violated Lyft's safety policies, procedures, and guidelines;
n. He knew or should have known that the plaintiff was a minor, but
failed to
ensure the minor's safety once in his custody and control.
o. He violated the rules, regulations, and laws applicable to ride-hail
drivers.

Mot. to Amend, Am. Compl. ¶ 22.

And "[u]nder Connecticut law, 'the test of proximate cause is whether the defendant's
conduct is a substantial factor in bringing about the plaintiff's injuries." *Ret. Program for Emps.
of the Town of Fairfield v. NEPC, LLC*, 642 F. Supp. 2d 92, 96 (D. Conn. 2009) (quoting *Paige
v. St. Andrew's Roman Catholic Church Corp.*, 734 A.2d 85, 91 (Conn. 1999)). "The
fundamental inquiry of proximate cause is whether the harm that occurred was within the scope
of foreseeable risk created by the defendant's negligent conduct." *Sapko v. State*, 44 A.3d 827,
836 (2012) (quoting *First Federal Savings & Loan Assn. of Rochester v. Charter Appraisal Co.*,
724 A.2d 497, 502 (1999)). "Though proximate cause is typically a question of fact to be decided
by a jury, it becomes a question of law when 'a fair and reasonable person could reach only one
conclusion.'" *Shetucket Plumbing Supply Inc. v. S.C.S. Agency, Inc.*, 570 F. Supp. 2d 282, 286–
87 (D. Conn. 2008) (quoting *Stevenson Lumber Co.-Suffield, Inc. v. Chase Assocs., Inc.*, 932
A.2d 401, 407 (Conn. 2007)).

There is not just "one conclusion" that could be reached here. Accepting Plaintiffs'
allegations as true, Lyft has a policy guideline against children aged seventeen or under riding in
a Lyft vehicle without being accompanied by an adult. Mot. to Amend, Am. Compl. ¶ 9 ("At all
relevant times herein the defendant, **LYFT**, had Community Guidelines for its Lyft drivers
which included an age requirement that stated that stated: children aged seventeen or under were

not permitted to ride without being accompanied by an adult."). Thus, this guideline plausibly is in place because of the foreseeable harm that could result from transporting an unaccompanied minor, including potential harm from third-parties where a Lyft vehicle has taken the unaccompanied minor.

And Connecticut caselaw suggests that it would be premature to resolve this issue at this stage of the proceedings. *See Paige*, 734 A.2d at 91 ("The verdict must be set aside if we determine that the jury could not have reasonably concluded that that such conduct legally caused the plaintiff's injuries." (citation omitted)); *see also Stevenson Lumber Co.-Suffield, Inc.*, 932 A.2d at 407 ("Because the plaintiff failed to adduce any evidence from which the trial court reasonably could have inferred that the plaintiff's loss had been caused by Doran's forgery of mechanic lien waivers, we are compelled to conclude that the trial court improperly found that Doran had violated [the Connecticut Unfair Trade Practices Act]."); *First Federal Savings & Loan Assn. of Rochester*, 724 A.2d at 503 (reviewing for foreseeable harm purposes trial court findings to determine "whether the scope of the appraiser's duty, in providing the valuation of the property, extended to protecting the bank from financial loss due to a general decline in property values").

Accordingly, Plaintiffs have stated a claim for vicarious liability based on the driver's alleged negligence and amendment would not be futile.

### 2. *Negligent Infliction of Emotional Distress*

"In Connecticut, [a negligent infliction of emotional distress] claim is adequately pled if plaintiff alleges that: '(1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct

was the cause of the plaintiff's distress.'" *Vega v. Sacred Heart Univ., Inc.*, 836 F. Supp. 2d 58, 61 (D. Conn. 2011) (quoting *Carrol v. Allstate Ins. Co.*, 815 A.2d 119, 127 (2003)).

"The foreseeability requirement in a negligent infliction of emotional distress claim is more specific tha[n] the standard negligence requirement that an actor should have foreseen that his tortious conduct was likely to cause harm . . . ." *Hoyos v. City of Stamford*, No. 3:19-CV-01249 (VLB), 2021 WL 4263180, at *13 (D. Conn. Sept. 20, 2021) (quoting *Stancuna v. Schaffer*, 998 A.2d 1221, 1226 (Conn. App. 2010)). Thus, to state a claim, a plaintiff must allege that "the actor should have foreseen that her behavior would likely cause harm of a specific nature, i.e., emotional distress likely to lead to illness or bodily harm." *Olson*, 863 A.2d at 752 (citing *Scanlon v. Connecticut Light & Power Co.*, 782 A.2d 87, 94 (2001)).

In their proposed Amended Complaint, Plaintiffs allege that:

> **LYFT's** agent, servant, and/or employee knew or should have known that the minor plaintiff, **JANE DOE,** was a vulnerable underage minor when he picked her up in pajamas on a street corner, and that his conduct of transporting the unaccompanied, minor plaintiff, **JANE DOE,** only fourteen years old, from her home in Enfield, Connecticut down to New York City, over three hours away, across state lines, involved an unreasonable risk of causing the vulnerable, minor plaintiff, **JANE DOE,** to feel fear, anxiety and emotional distress, which if caused might result in illness.

Mot. to Amend, Am. Compl. at 17 ¶ 25 (emphasis in original). Lyft argues that Plaintiffs failed to state a claim for negligent infliction of emotional distress because Plaintiffs failed to plead extreme or outrageous conduct or any facts establishing that Jane Doe's alleged emotional distress was foreseeable to Lyft or reasonable in light of Lyft's conduct. Opp'n to Mot. to Amend at 20.

Plaintiffs do not respond to this argument.

The Court disagrees with Lyft.

Plaintiffs were not required to include allegations of extreme and outrageous behavior as a part of their negligent infliction of emotional distress claim. *Bobbitt v. Bettancourt*, No. CV196097194, 2020 WL 8718711, at *3 (Conn. Super. Ct. Dec. 30, 2020) ("[T]o survive a motion to strike, a complaint alleging negligent infliction of emotional distress need not include allegations of extreme and outrageous behavior." (quoting *Olson v. Bristol-Burlington Health Dist.*, 863 A.2d 748, 753 (Conn. App. 2005))).

Plaintiffs were required, however, to allege that the driver "should have foreseen that her behavior would likely cause harm" such as "emotional distress likely to lead to illness or bodily harm," *Olson*, 863 A.2d at 752 (citing *Scanlon*, 782 A.2d at 94), which they did with a sufficient factual basis. *See* Mot. to Amend, Am. Compl. at 17 ¶ 25 ("**LYFT's** agent . . . knew or should have known that the minor plaintiff, **JANE DOE,** was a vulnerable underage minor when he picked her up in pajamas on a street corner, and that his conduct of transporting the unaccompanied, minor plaintiff . . . over three hours away, across state lines, involved an unreasonable risk of causing . . . **JANE DOE,** to feel fear, anxiety and emotional distress . . . .").

Accordingly, Plaintiffs have stated a claim for negligent infliction of emotional distress and amendment would not be futile.

### 3.  *Loss of Consortium and Medical Expenses*

Finally, Lyft argues that Plaintiffs' derivative claims must be dismissed because "Connecticut does not recognize a claim for loss of filial consortium." Opp'n to Mot. to Amend at 20. Lyft also argues that Plaintiffs' derivative claims, including the claims for "medical expenses" must be dismissed if their predicate claims are dismissed. *Id.* at 20–21.

Plaintiffs do not respond to this argument.

The Court disagrees with Lyft.

16

First, because the Court finds that amending the Complaint would not be futile as to the vicarious liability and negligent infliction of emotional distress claims, this is not a ground for dismissing the derivative claims.

Although there is recent caselaw from Connecticut's superior courts concluding that Connecticut does not recognize a claim for loss of filial consortium, *see Menefee v. CCMC Corp., et al*, No. HHD-CV-23-6165420-S, 2024 WL 164912, at *7 (Conn. Super. Ct. Jan. 10, 2024) ("[T]he same legal obligations and entitlements identified in *Campos* to support a claim for loss of parental consortium do not exist. Therefore, the court concludes that reliance on a legal framework recognizing a claim for loss of parental consortium for the distinguishable cause of action for loss of filial consortium is improper . . . ."), "there is 'no controlling appellate decision, constitutional provision or statute' governing loss of filial consortium claims in Connecticut." *L. L. v. Newell Brands Inc.*, No. 3:23-CV-00803-MPS, 2024 WL 245023, at *3 (D. Conn. Jan. 23, 2024) (citing Conn. Gen. Stat. § 51-199b(d)).

This Court, however, need not certify this issue to the Connecticut Supreme Court at this time, as Judge Shea is already doing so. *See L. L. v. Newell Brands Inc.*, No. 3:23-CV-00803-MPS, 2024 WL 245023, at *5 (D. Conn. Jan. 23, 2024) ("I deny without prejudice the defendants' motions to dismiss the plaintiffs' loss of consortium claims (Counts 25-40), as I will certify this issue to the Connecticut Supreme Court."). This Court has no reason to believe, at this time, that the Connecticut Supreme Court will not reach a decision in *L. L. v. Newell Brands Inc.* during the course of this litigation,[4] and thus will consider whether Plaintiffs have stated a cognizable cause of action at that time.

---

[4] In *L. L. v. Newell Brands Inc.*, Judge Shea noted that Judge Underhill already certified this issue to the Connecticut Supreme Court. *L. L. v. Newell Brands Inc.*, 2024 WL 245023, at *2 (citing *Hunte v. Abbott Lab'ys, Inc.*, 569 F. Supp. 3d 115 (D. Conn. 2021) (certifying the question: "Does Connecticut law recognize a cause of action for loss of filial consortium?"). Judge Shea decided to certify the loss of filial consortium question again as the procedural

Accordingly, the Court will grant Plaintiffs' motion for leave to amend their Complaint. As to the filial consortium claim, the Court will deny Lyft's motion to dismiss without prejudice to renewal upon the resolution of the certified question in *L. L. v. Newell Brands Inc*. As to the remaining claims, the Court will deny as moot Lyft's motion to dismiss.

### C.  The Rule of Unanimity

The rule of unanimity establishes that "all defendants who have been properly joined and served must join in or consent to the removal of the action . . . ." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) (quoting 28 U.S.C. § 1446(b)(2)(A)). Section 1446(b)(2)(A), however, "only requires consent of 'all defendants who have been properly joined' at the time of removal . . . ." *Dixon v. Stedman*, No. 22-CV-3581 (RPK) (LB), 2022 WL 16924178, at *2 (E.D.N.Y. Nov. 14, 2022) (quoting *Omni Elevator Corp. v. Int'l Union of Elevator Constructors & Its Loc. 27 Affiliate*, No. 19-CV-6778 (CJS), 2021 WL 3810413, at *3 (W.D.N.Y. Aug. 26, 2021)).

Lyft did not obtain consent for removal from Mr. Harvey, claiming that he was not yet properly served with the Summons and Complaint. Not. of Removal ¶ 3.

Plaintiffs argue that Mr. Harvey was properly served and should have been joined in this case. *See* Mot. to Amend ¶ 3.

The Court agrees, in part.

Although some courts have determined that "the removing defendant cannot argue that joinder or consent is unnecessary based on the ineffectiveness of service on another defendant," *see, e.g.*, *Marquette Bus. Inc. v. Am.'s Kitchen, Inc.*, No. CIV.A. 3:09-CV-1937, 2010 WL

---

posture of *Hunte* made it uncertain whether the Connecticut Supreme Court would reach a decision in *Hunte* during the pendency of *L. L. v. Newell Brands Inc*. *Id*. at *4. Judge Shea also noted that *Hunte* differed from *L. L. v. Newell Brands Inc.*, as it involved a post-mortem loss of filial consortium claim. *Id*. at *4 n.2. As these considerations are not at issue in this case, the Court need not certify the issue for a third time.

1711767, at *3 (N.D. Tex. Apr. 28, 2010) (citing *In re Pharm. Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d 109, 122 (D. Mass. 2006); *Seguros Comercial Am., S.A. de C.V. v. Am. President Lines, Ltd.*, 934 F. Supp. 243, 245 (S.D. Tex. 1996)), Plaintiffs first addressed the alleged defect in removal in its motion to amend filed on June 15, 2023, which was after the 30-day period for objecting to procedural defects in a removal notice had expired. Thus, the Court may not remand the case to state court for failure to comply with the rule of unanimity. *See Gibson v. Dolliver*, No. 3:18-CV-01825 (JCH), 2019 WL 1455172, at *4 (D. Conn. Apr. 2, 2019) ("Because concerns about Hamelett's consent were first raised on January 29, 2019, well after the 30-day period for objecting to procedural defects had expired, this court has no authority to remand the case to state court for failure to comply with the rule of unanimity.").

Although this case must remain with this Court, it still must determine whether Mr. Harvey is a part of this action. "If the non-consenting defendant was not properly served, then that defendant is not deemed as being part of the action . . . ." *Omni Elevator Corp.*, 2021 WL 3810413, at *3 (*Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 384 (S.D.N.Y. 2006)). "This only makes sense considering that the court cannot exert personal jurisdiction over a non-served defendant." *Omni Elevator Corp.*, 2021 WL 3810413, at *3 (quoting *In re Air Crash at Belle Harbor, NY, on Nov. 12, 2001*, No. 02 CIV. 6746 (JFK), 2003 WL 21032034, at *6 (S.D.N.Y. May 5, 2003)).

To determine whether a non-consenting defendant has been properly served, courts look to state law. *Fed. Ins. Co.*, 422 F. Supp. 2d at 384 (citing *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1300 (N.D. Fla. 2004) ("The sufficiency of service of process prior to removal is determined under the law of the state from whence the case was removed.")). "Proper service on a nonresident includes serving the defendant by certified mail at the defendant's last-known

address." *Iorio v. @Wireless LLC*, No. 3:18-CV-1793 (RNC), 2022 WL 19335, at *2 (D. Conn. Jan. 3, 2022) (citing Connecticut's long-arm statute, Conn. Gen. Stat. § 52-59b(c)). "A plaintiff must use 'diligent and persistent efforts' to determine the actual address of the defendant and unless a defendant has departed for 'parts unknown,' the plaintiff must learn the defendant's actual address 'at his peril.'" *Matthews v. SBA, Inc.*, 89 A.3d 938, 953 (Conn. App. 2014) (citations omitted).

Here, the record reflects that Plaintiffs served the defendant by certified mail to an address in New York. Not. of Removal, Ex. C at 3. But the record does not indicate the nature and extent of Plaintiffs efforts to locate Mr. Harvey's last-known address.[5] *See Matthews v. SBA, Inc.*, 89 A.3d at 954 (affirming that service of process was not effected in compliance with § 52-59b(c) and that the court lacked jurisdiction over a defendant where the plaintiffs included nothing in the record "to indicate the nature or extent" of their search for the defendant's actual address). Because constructive service of process cannot be established on this record, the Court deems Mr. Harvey to not be a part of this action, at this time.

Accordingly, the Court will order Plaintiffs to effect service of process on and file proof of service of the Amended Complaint as to Mr. Harvey by March 29, 2024. *See Harraz v. EgyptAir Airlines Co.*, No. 18 CIV 12364 (ER), 2019 WL 6700946, at *5 (S.D.N.Y. Dec. 9, 2019) ("Of course, Harraz may still attempt to perfect service on both Aly and Weston in accordance with federal rules and statutes." (citing 28 U.S.C. § 1448 (allowing defective pre-removal service to be cured post-removal "in the same manner as in cases originally filed in such district court."))); *Underwriters at Int. Subscribing to Certificate Numbers N15CA02110 v.*

---

[5] "The requirement that the copy be mailed to the defendant at his 'last-known address' does not mean the last address known to the plaintiff but does mean the last address of the defendant so far as it is known, that is, by those who under the ordinary circumstances of life would know it." *Cadlerock Joint Venture II, L.P. v. Milazzo*, 949 A.2d 450, 458 (Conn. 2008) (quoting *Hartley v. Vitiello*, 154 A. 255, 258 (Conn. 1931)).

*Select Transp. Sols., Inc.*, No. 17-22550-CIV, 2017 WL 11568261, at \*3 (S.D. Fla. Oct. 27, 2017) ("Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff shall either effect service of process and file proof of service of the Complaint as to Defendant Select Transport by **November 17, 2017,** or file a motion by that date to serve Select Transport through alternative means." (emphasis in original)).

## IV.    CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiffs' motion to amend. As to the filial consortium claim, the Court **DENIES** Lyft's motion to dismiss without prejudice to renewal upon the resolution of the certified question in *L. L. v. Newell Brands Inc*. As to the remaining claims, the Court **DENIES as moot** Lyft's motion to dismiss.

Plaintiffs shall effect service of process on and file proof of service of the Amended Complaint as to Mr. Harvey by **March 29, 2024**.

**SO ORDERED** at New Haven, Connecticut, this 23rd day of February, 2024.

  /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE