UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE PPA JOAN DOE, ET AL,<br><br>                             Plaintiff,<br>   vs.<br><br>LYFT DRIVES CONNECTICUT, INC.<br>and CHRISTOPHER HARVEY<br>                             Defendant. | Civil Action No. 3:23-cv-533-VAB<br><br><br>March 5, 2024 |

**SECOND AMENDED COMPLAINT**

**FIRST COUNT:**
**(JANE DOE PPA JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)**
**(Vicarious liability)**

1. The minor plaintiff, **JANE DOE**, brings this action by and through her mother and next friend, **JOAN DOE.**

2. At all relevant times mentioned herein, the defendant, **LYFT DRIVES CONNECTICUT, INC.,** (hereinafter **"LYFT"**) was and is a foreign corporation incorporated in the state of Delaware with its principal place of business in California and duly authorized to transact business in the state of Connecticut.

3. At all relevant times mentioned herein defendant, **LYFT,** transacted business in the State of Connecticut.

4. At all relevant times herein defendant, **LYFT,** by and through its agents, servants and/or employee Lyft drivers provided on demand ride-hailing and ride-sharing services and other transportation services in the State of Connecticut for a fare.

5. At all relevant times herein to utilize the defendant **LYFT'**s ride-hailing or ride-sharing services, a Lyft customer used the defendant, **LYFT's** smartphone application to request a ride and the Lyft smartphone application communicated with a Lyft driver, who then picked up the customer in a vehicle that was identified as defendant **LYFT's** vehicle, and then drove the customer to the passenger's destination.

6. At all relevant times herein, after a customer reached his/her destination the defendant, **LYFT,** received a credit card payment from the customer/passenger for the entirety of the fare via its Lyft smartphone application and retained a portion of the fare. The defendant, **LYFT,** then remitted a percentage of the fare to the Lyft driver who transported the customer.

7. At all relevant times herein, the defendant, **LYFT,** (a) set the rates that Lyft drivers could charge customers, (b) determined the portion of the payment to be remitted to the Lyft drivers as compensation for their services, (c) required Lyft drivers to use the Lyft smartphone application for ride-hailing and ride-sharing, and (d) identified the

vehicles operated by Lyft drivers as **LYFT** vehicles when a customer accessed the Lyft smartphone application.

8. At all relevant times herein the defendant, **LYFT,** its agents, servants, and/or employees represented to the public on its website at https://www.lyft.com/safety that they would look out for your safety, had "high safety standards" and "proactive safety support".

9. At all relevant times herein the defendant, **LYFT,** had Community Guidelines for its Lyft drivers which included an age requirement that stated that stated: children aged seventeen or under were not permitted to ride without being accompanied by an adult.

10. At all relevant times herein, the defendant, **LYFT,** held itself out as a common carrier representing to the public its high safety standards and its agents, servants, and/or employees were charged with exercising the highest degree of care when providing ride-hailing and ride-sharing services and other transportation services to the public.

11. Upon information and belief, on or about January 3, 2022, the defendant, **CHRISTOPHER HARVEY**, used the defendant **LYFT**'s smartphone application to request a ride-hail for the minor plaintiff, **JANE DOE**.

12. On or about January 3, 2022, the defendant **LYFT**'s agent, servant, and/or employee picked up the minor plaintiff, **JANE DOE,** who was only fourteen years old on a street corner in Enfield, Connecticut.

13. On or about January 3, 2022, when defendant, **LYFT's** agent, servant, and/or employee arrived in his **LYFT** vehicle to pick up the minor plaintiff, **JANE DOE,** age fourteen, on a street corner in Enfield, Connecticut. She was wearing pajama pants, a hoodie, and carrying a bookbag with her.

14. Upon information and belief, the defendant, **CHRISTOPHER HARVEY**, used the defendant, **LYFT's** smartphone application to request that the defendant, **LYFT's** agent, servant, and/or employee drive the minor plaintiff, **JANE DOE,** from Enfield, Connecticut to a location in New York City, about 150 miles away.

15. On or about January 3, 2022, the defendant, **LYFT's** agent, servant, and/or employee permitted the minor plaintiff, **JANE DOE,** to enter his Lyft vehicle to be transported without being accompanied by an adult even though he knew, or should have known, she was a minor.

16. On or about January 3, 2022, the defendant, **LYFT's** agent, servant, and/or employee took immediate custody and control of the minor plaintiff, **JANE DOE**, and transported her across state lines from Connecticut to New York City.

17. On or about said date the defendant **LYFT's** agent, servant and/or employee transported the minor plaintiff, **JANE DOE,** to New York City and delivered her to the defendant, **CHRISTOPHER HARVEY**.

18. At all relevant times herein the defendant, **CHRISTOPHER HARVEY** did not have permission or authority to be with the minor plaintiff, **JANE DOE**.

19. At all relevant times herein, the defendant, **LYFT's** agent, servant, and/or employee who transported the minor plaintiff, **JANE DOE,** was acting and operating within the scope of his agency with the defendant, **LYFT.**

20. On or about January 3, 2022, and continuing to or about January 5, 2022, the defendant, **CHRISTOPHER HARVEY,** engaged in unlawful sexual and physical contact with the minor plaintiff, **JANE DOE**.

21. At all relevant times mentioned, the minor plaintiff, **JANE DOE** suffered injuries and damages as described in greater detail herein.

22. At all relevant times mentioned herein, the minor plaintiff, **JANE DOE'S** injuries were caused by the negligence and carelessness of the defendant, **LYFT** by and through its agent, servant and/or employee **LYFT** driver in that:

   a. He failed to request identification from the minor plaintiff;

   b. He failed to refuse to provide transportation to the minor plaintiff;

   c. He failed to abide by official guidelines, rules and/or policies;

   d. He failed to call defendant LYFT's critical response line;

   e. He failed to contact the proper authorities;

  f. He observed that the minor plaintiff was wearing pajamas, a hoodie and carrying a bookbag but failed to make any reasonable inquiry of the minor plaintiff to determine if she was underage;

  g. He failed to take any reasonable measures to determine the minor plaintiff's age;

  h. He failed to keep the minor plaintiff safe;

  i. He took custody of the minor plaintiff by allowing her into his Lyft vehicle but failed to reasonably and adequately protect her from harm;

  j. He transported an unaccompanied minor across state lines;

  k. He failed to properly assess the user/customer who requested the ride-hail for the minor plaintiff;

  l. He violated Lyft's age requirement community guidelines;

  m. He violated Lyft's safety policies, procedures, and guidelines;

  n. He knew or should have known that the plaintiff was a minor, but failed to ensure the minor's safety once in his custody and control.

  o. He violated the rules, regulations, and laws applicable to ride-hail drivers.

23. As a result of the negligence and carelessness of the defendant, **LYFT**'s agent, servant and/or employee, the minor plaintiff, **JANE DOE,** suffered the injuries, losses and damages as hereinafter set forth, some or all of which may be permanent in nature:

  a. Nightmares;

  b. Sleep paralysis;

     c.   Intense fear;

     d.   Anxiety;

     e.   Depression;

     f.   Self-harm;

     g.   Post traumatic stress disorder;

     h.   Permanent emotional trauma;

     i.   Vaginal pain;

     j.   Pain and suffering.

24. As a further result of the negligence of the defendant, **LYFT**'s agent, servant and/or employee, the minor plaintiff, **JANE DOE**, was unable and remains unable to participate in and enjoy her life's activities.

**SECOND COUNT:**   **(JOAN DOE V. LYFT DRIVES CONNECTICUT, INC.)**
                          **(Filial Consortium)**

1-24. Paragraphs 1 through 24 of the First Count are hereby incorporated and made paragraphs 1 through 24 of this Second Count as if fully set forth herein.

25. At all relevant times, the plaintiff, **JOAN DOE**, was the lawful mother of the minor plaintiff, **JANE DOE**.

7

26.     As a result of the aforementioned conduct of the defendant, **LYFT,** by and through its agent, servant, and/or employee, the plaintiff, **JOAN DOE,** has suffered a loss of affection, companionship, society, and consortium of the minor plaintiff, **JANE DOE**.

**THIRD COUNT:**     **(JOHN DOE V. LYFT DRIVES CONNECTICUT, INC.)**
                    **(Filial Consortium)**

1-24.   Paragraphs 1 through 24 of the First Count are hereby incorporated and made paragraphs 1 through 24 of this Third Count as if fully set forth herein.

25.     At all relevant times, the plaintiff, **JOHN DOE**, was the lawful father of the minor plaintiff, **JANE DOE**.

26.     As a result of the conduct of the defendant, **LYFT** by and through its agent, servant and/or employee the plaintiff, **JOHN DOE,** has suffered a loss of affection, companionship, society, and consortium of the minor plaintiff **JANE DOE**.

**FOURTH COUNT:**  **(JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)**
                  **(Medical Expenses)**

1-24.   Paragraphs 1 through 24 of the First Count are hereby incorporated and made paragraphs 1 through 24 of this Fourth Count as if fully set forth herein.

25.     All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests, and therapy,

all necessary to her daughter, minor plaintiff, **JANE DOE's** recovery and may be forced to expend additional sums in the future.

### FIFTH COUNT: (JANE DOE PPA JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)   (Negligent Infliction of Emotional Distress)

1-24.   Paragraphs 1 through 24 of the First Count are hereby incorporated and made paragraphs 1 through 24 of this Fifth Count as if fully set forth herein.

25.   At all relevant times herein defendant, **LYFT's** agent, servant, and/or employee knew or should have known that the minor plaintiff, **JANE DOE,** was a vulnerable underage minor when he picked her up in pajamas on a street corner, and that his conduct of transporting the unaccompanied, minor plaintiff, **JANE DOE,** only fourteen years old, from her home in Enfield, Connecticut down to New York City, over three hours away, across state lines, involved an unreasonable risk of causing the vulnerable, minor plaintiff, **JANE DOE,** to feel fear, anxiety and emotional distress, which if caused might result in illness.

### SIXTH COUNT:   (JOAN DOE v. LYFT DRIVES CONNECTICUT, INC.)   (Medical Expenses)

1-25.   Paragraphs 1 through 25 of the Fifth Count are hereby incorporated and made paragraphs 1 through 25 of this Sixth Count as if fully set forth herein.

26. All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to his daughter's recovery, and may be forced to expend additional sums in the future as a direct result of the defendant, **LYFT's** agent, servant, and/or employee's negligent infliction of emotional distress upon her daughter, minor plaintiff, **JANE DOE**.

**SEVENTH COUNT: (JANE DOE PPA JOHN DOE v. CHRISTOPHER HARVEY (Negligence)**

1. The minor plaintiff, **JANE DOE**, brings this action by and through her mother and next friend, **JOAN DOE**.

2. On or about January 3, 2022, the defendant, **LYFT's** agent, servant and/or employee transported the minor plaintiff, **JANE DOE,** to New York City and delivered her there to the defendant, **CHRISTOPHER HARVEY,** who did not have any permission and authority to be with the minor plaintiff, **JANE DOE**.

3. On or about January 3, 2022, through January 5, 2022, the defendant, **CHRISTOPHER HARVEY,** unlawfully kept the minor plaintiff, **JANE DOE,** at his residence in New York City.

4. On or about January 3, 2022, through January 5, 2022, the defendant, **CHRISTOPHER HARVEY**, made unwanted and/or unwarranted sexual and physical contact with the minor plaintiff, **JANE DOE**.

5. The negligent sexual and/or physical touching of the minor plaintiff, **JANE DOE**, and her injuries resulting therefrom were caused by the defendant, **CHRISTOPHER HARVEY**, in that:

    a. He made unwelcome physical and/or sexual advances toward the minor plaintiff, **JANE DOE**;

    b. He made unwelcome physical and/or sexual contact with the minor plaintiff, **JANE DOE**;

    c. He placed his genitals in the minor plaintiff, **JANE DOE**'s mouth; and/or

    d. He placed his genitals in the minor plaintiff, **JANE DOE**'s vagina and/or vaginal area.

6. As a result of negligence of the defendant, **CHRISTOPHER HARVEY**, the minor plaintiff, **JANE DOE,** suffered the following injuries, some, or all of which may be permanent in nature:

    a. Nightmares;

    b. Sleep paralysis;

    c. Intense fear;

    d. Anxiety;

    e. Depression;

    f. Post traumatic stress disorder;

g. Permanent emotional trauma;

h. Vaginal pain;

i. Pain and suffering.

7. As a result of the negligence of the defendant, **CHRISTOPHER HARVEY**, the minor plaintiff, **JANE DOE**, was unable and remains unable to participate in and enjoy her usual activities.

### EIGHTH COUNT: (JOAN DOE v. CHRISTOPHER HARVEY)
### (Medical Expenses)

1-7. Paragraphs 1 through 7 of the Seventh Count are hereby incorporated and made paragraphs 1 through 7 of this Eighth Count as if fully set forth herein.

8. All times mentioned herein, the plaintiff, **JOAN DOE**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests, and therapy, all necessary to her daughter's recovery, and may be forced to expend additional sums in the future.

### NINTH COUNT:(JANE DOE PPA JOAN DOE v. CHRISTOPHER HARVEY)
### (Negligent Infliction of Emotional Distress)

1-7. Paragraphs 1 through 7 of the Seventh Count are hereby incorporated and made paragraphs 1 through 7 of this Ninth Count as if fully set forth herein.

    8.    The defendant, **CHRISTOPHER HARVEY**, knew or should have known that his actions would create an unreasonable risk of causing emotional harm or distress, or other bodily injury, to the minor plaintiff, **JANE DOE**.

### TENTH COUNT: (JOAN DOE V. CHRISTOPHER HARVEY)
### (Filial Consortium)

    1-7.    Paragraphs 1 through 7 of the Seventh Count are hereby incorporated and made paragraphs 1 through 7 of this Tenth Count as if fully set forth herein.

    8.    At all relevant times, the plaintiff, **JOAN DOE**, was the lawful mother of the minor plaintiff, **JANE DOE**.

    9.    As a result of the conduct of the defendant, **CHRISTOPHER HARVEY,** the plaintiff, **JOAN DOE,** has suffered a loss of affection, companionship, society, and consortium of the minor plaintiff, **JANE DOE**.

### ELEVENTH COUNT: (JOHN DOE V. CHRISTOPHER HARVEY)
### (Filial Consortium)

    1-7.    Paragraphs 1 through 7 of the Seventh Count are hereby incorporated and made paragraphs 1 through 7 of this Eleventh Count as if fully set forth herein.

    8.    At all relevant times, the plaintiff, **JOHN DOE**, was the lawful father of the minor plaintiff, **JANE DOE**.

9. As a result of the conduct of the defendant, **CHRISTOPHER HARVEY**, the plaintiff, **JOHN DOE,** has suffered a loss of affection, companionship, society, and consortium of the minor plaintiff, **JANE DOE.**

## **PRAYER FOR RELIEF**

  ***WHEREFORE***, the plaintiffs, JANE DOE PPA JOAN DOE, JOAN DOE AND JOHN DOE respectfully requests judgment as follows:

1. Monetary and/or compensatory damages as to all Counts of the Amended Complaint.

2. Any and all further other relief that is just and reasonable.

        THE PLAINTIFFS
        JANE DOE PPA JOAN DOE, JOAN DOE
        AND JOHN DOE


        /s/ __#ct05673_____
        Garrett Moore Esq. (Fed Bar No. ct05673)
        Moore, O'Brien & Foti
        891 Straits Turnpike
        Middlebury, CT 06762
        Telephone: (203) 272-5881
        Facsimile: (203) 272-9273
        Email: gmoore@mojylaw.com

**CERTIFICATION**

I hereby certify that on March 5, 2024, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

/s/ __#ct05673_____
Garrett Moore Esq. (Fed Bar No. ct05673)
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762
Telephone: (203) 272-5881
Facsimile: (203) 272-9273
Email: gmoore@mojylaw.com